**Roger H. STONER, Petitioner,**

v.

**Joe Glenn THOMPSON et al., Respondents.**

**No. B–8005.**

Supreme Court of Texas.

March 14, 1979.

Rehearing Denied April 11, 1979.

Horkin & Horkin, Patrick J. Horkin, Jr., Corpus Christi, for petitioner.

Andrews, Kurth, Campbell & Jones, Hall E. Timanus, Houston, Fulbright & Jaworski, Simeon Lake, Houston, for respondents.

SPEARS, Justice.

Petitioner, Roger Stoner, appeals from a judgment against him granting injunctive relief, declaratory relief and money damages to Texas Media, Inc. and Arnold and Audrey Malkan, intervenors and respondents herein. The judgment was entered on their interventions and counterclaim after Stoner, the original plaintiff, had taken a nonsuit and refused to participate in the trial on the merits. Stoner contends there were no pleadings to support the judgment given. The Court of Civil Appeals has disagreed and affirmed the trial court. 570 S.W.2d 511. We affirm except as to money damages awarded Texas Media, Inc.

The factual background and chronology of events is fully set out in the opinion of the Court of Civil Appeals. We will only recite here such facts as are necessary to decide the sufficiency of pleadings question.

Stoner filed the original suit in Harris County District Court on September 2, 1976, against Joe Glenn Thompson, seeking an injunction and specific performance.

The Malkans intervened on September 13, asking that injunctive relief sought by Stoner be denied and on September 29 filed a counterclaim for money damages, charging that Stoner interfered with their contractual relations. On November 10, the Malkans filed a supplemental petition in intervention asking for injunctive relief against Stoner. Texas Media intervened on October 8, asking for a declaratory judgment as to its rights and liabilities, and on November 29, filed an application seeking a restraining order, temporary injunction and permanent injunction against Stoner. Stoner filed answers to these pleadings.

On February 17, 1977, Stoner moved to nonsuit without prejudice his causes of action on file. The order of the trial court granting the motion provided that "nothing herein shall be prejudicial to any of the pleadings or rights asserted by the other parties [seeking relief] herein."

On June 13, the trial court granted a motion for preferential setting filed by the Malkans and set the case for trial on July 11. Stoner's motion and supplemental motion to set aside this order were denied after a hearing on July 8. On the morning of trial, July 11, Stoner's attorney, Mr. Horkin, appeared and urged a "special appearance," citing Rule 120a.[1] Stoner was not present. After the trial court overruled the "special appearance," counsel for Stoner announced to the court that he represented Stoner solely for the purpose of making a special appearance and was not authorized to proceed further on his client's behalf. The Statement of Facts reflects the following:

"MR. HORKIN: Thank you, Your Honor. We decline to proceed further, Your Honor.

"THE COURT: That is your privilege to make that election. The Court says that you are here, and you say that you are leaving, so good day.

"MR. HORKIN. Thank you.

---

1. All references to rules are to the Texas Rules of Civil Procedure; all references to statutes are to Texas Revised Civil Statutes Annotated.

"(Reporter's Note: Mr. Horkin retiring from the courtroom.)"

After a brief recess, the Malkans were granted leave to file a trial amendment asking for declaratory judgment relief under Art. 2524–1, and trial without a jury began. Evidence was then presented to the trial court by the Malkans and Texas Media with the resulting judgment in their favor.

The judgment of the trial court granted all of the relief sought by the interventions and counterclaims of Texas Media and the Malkans, and in addition, granted the following relief not asked for in pleadings at the time Mr. Horkin left the courtroom: (1) that Texas Media, Inc. recover $50,000.00 from Stoner, and (2) declaratory judgment relief for the Malkans, declaring their contract to purchase the stock in Texas Media binding and legally enforceable. Stoner complains, inter alia, of both of these awards by the trial court as without pleadings to support them. All relief granted by the judgment of the trial court was supported by the evidence adduced.

The broad question presented is to what extent can a trial court grant relief to the petitioning parties on their pleadings where the opposing party, who has answered, fails to appear for trial or, as here, quits the trial.

The parties here differ as to what type of judgment was entered under the circumstances by the trial court. Stoner contends it was a judgment nihil dicit or a Rule 239 default judgment; Texas Media and the Malkans say it was a judgment pursuant to a trial on the merits. Some courts, under the circumstances here, would describe it as a judgment nihil dicit. Evans v. McNeill, 41 S.W.2d 268 (Tex.Civ.App.1931, writ dism'd); Gomperts v. Wendeborn, 427 S.W.2d 904 (Tex.Civ.App.1968, no writ). Others would term it a judgment upon trial. Webb v. Reynolds, 207 S.W. 914 (Tex. Comm'n App.1919, judgmt. adopted); Kirkman v. Alexander, 280 S.W.2d 365 (Tex.Civ. App.1955, writ ref'd n. r. e.); Hall v. C–F Employees Credit Union, 536 S.W.2d 266 (Tex.Civ.App.1976, no writ).

■ The judgment in this case was neither a no-answer default judgment, nor a judgment nihil dicit. Frymire Engineering Company, Inc. v. Grantham, 524 S.W.2d 680 (Tex.1975); Otten v. Snowden, 550 S.W.2d 758 (Tex.Civ.App.1977, no writ). Nor was it a judgment upon trial; this Court has said it was a form of "judgment by default," a post-answer default judgment. Mullen v. Roberts, 423 S.W.2d 576, 579 (Tex.1968), citing Continental Oil and Gas Production Co. v. Austin, 17 S.W.2d 1114 (Tex.Civ.App. 1926, no writ).

■ While there is a difference between a no-answer default judgment and a judgment nihil dicit, the general rule is that the two are so similar that the same rules apply to each with respect to the effect and validity of the judgment. Storey v. Nichols, 22 Tex. 87 (1858); see 49 C.J.S. Judgments § 187 at 325 (1947); Pohl and Kirlin, Judgments By Default—A Survey of Texas Law, 31 Sw.L.J. 465 (1977). In both instances, it is said that the non-answering party has "admitted" the facts properly pled and the justice of the opponent's claim, although a judgment nihil dicit carries an even stronger confession than the default judgment. Storey v. Nichols, supra; Texas Quarries v. Pierce, 244 S.W.2d 571 (Tex.Civ. App.1951, no writ). In one respect, both the no-answer default judgment and the judgment nihil dicit differ from a post-answer default judgment where an answer is on file but defendant fails to appear at the trial. A post-answer "default" constitutes neither an abandonment of defendant's answer nor an implied confession of any issues thus joined by the defendant's answer. Judgment cannot be entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his case as in a judgment upon a trial. Frymire Engineering Company, Inc. v. Grantham, supra.

■ A judgment must be based upon pleadings, and as this Court has stated, "[A] plaintiff may not sustain a favorable judgment on an unpleaded cause of action, in the absence of trial by consent . . . ." Oil Field Haulers Association, Inc. v. Railroad Commission, 381 S.W.2d 183, 191 (Tex.

1964). In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment. *C & H Transportation Company v. Wright*, 396 S.W.2d 443 (Tex.Civ.App.1965, writ ref'd n. r. e.). Mere formalities, minor defects and technical insufficiencies will not invalidate a default judgment where the petition states a cause of action and gives "fair notice" to the opposing party of the relief sought. *Edwards Feed Mill v. Johnson*, 158 Tex. 313, 311 S.W.2d 232 (1958).

The principle that a plaintiff will not be permitted to obtain relief on a cause of action which is not contained in pleadings of which the defendant can be said to have "fair notice" has been consistently applied by Texas courts to all three types of "default" judgments: (1) a default judgment as defined by Rule 239, where no answer has been filed, *Edwards Feed Mill v. Johnson, supra; Weatherford v. Van Alstyne*, 22 Tex. 22 (1858); (2) a judgment nihil dicit, where no answer placing the merits of the case in issue is on file, *Goodlett v. Stamps*, 29 Tex. 121 (1867); *Storey v. Nichols, supra; O'Quinn v. Tate*, 187 S.W.2d 241 (Tex.Civ. App.1945, writ ref'd); *Spivey v. Saner-Ragley Lumber Co.*, 284 S.W. 210 (Tex.Comm'n App.1926, judgmt. adopted); and (3) a post-answer "default" judgment where a defendant has answered but fails to appear for trial, *Mullen v. Roberts*, 423 S.W.2d 576, 579 (Tex.1968); *City of Fort Worth v. Gause*, 129 Tex. 25, 101 S.W.2d 221 (Tex. Comm'n App.1937, opinion adopted). The controlling principle has been correctly summarized:

> "The rules expressly countenance more general allegations than formerly were permitted, and the default judgment will stand if the plaintiff has alleged a claim upon which the substantive law will give relief, and has done so with sufficient particularity to give fair notice to the defendant of the basis of his complaint, even though he has stated some element or elements in the form of legal conclusions which will need to be revised if attacked by special exceptions." 4 McDonald, Texas Civil Practice § 17.23.3 at 120 (1971).

In *Mullen* the defendant filed a general denial, but his attorney thereafter withdrew with leave of the court. On the day of trial neither the defendant nor any attorney representing him appeared, and a "default" judgment was entered against him. After stating the rule that "both a default judgment and a judgment *nihil dicit* must accord with the pleadings," this Court labeled the judgment granted plaintiffs by the trial court as a form of "judgment by default." We held that since the judgment was at variance with the plaintiffs' petition in that it granted relief not sought by those pleadings, it could not be sustained.

In *Gause*, a default judgment was entered for one interpleader defendant against another. The trial judge was unaware at the time, because of the clerk's error, that the other defendant had also filed an answer. The court adjudicated the title to certain real property even though no pleadings put title at issue, but this was held to be error on appeal because of the absence of adequate pleadings.

In the instant case, Stoner, at the time his attorney quit the courtroom, had answers on file to the pleadings of both Texas Media and the Malkans. Texas Media had pled for (1) a declaratory judgment, fixing and declaring its rights with regard to the Malkans, Stoner, and changing its own corporate structure, and (2) injunctive relief to force Stoner to turn over physical possession and control of the radio station KZFM and its books and records to Texas Media. Stoner assails the action of the trial court in granting Texas Media a $50,000.00 judgment for damages as being without support in the pleadings. There is no mention in the pleadings of Texas Media that it sustained money damages and there was no prayer therefor. Under these circumstances, it cannot be said that a party such as

Stoner had "fair notice" that the trial court might award money damages against him in favor of Texas Media upon a trial. Nor will the inclusion in the prayer of the phrase "and for such other and further relief to which plaintiff (or cross-plaintiff, intervenor, etc.) may show himself entitled" enlarge a pleading to the extent that it embraces an entirely different cause of action for which fair notice does not exist.

Stoner next complains by point of error that the declaratory relief given the Malkans was not alleged or prayed for in their pleadings. The Malkans, when Stoner's attorney left the trial, had pleadings that (1) prayed that the court deny Stoner's requested injunction to enjoin another defendant, Thompson, from consummating the sale of his stock in Texas Media to the Malkans, the Malkans alleging that they had a valid, binding contract with Thompson for such sale; (2) sought damages of Stoner for $100,000.00 for tortious interference with their contract with Thompson; and (3) sought injunctive relief against Stoner to prohibit him from interfering with their asserted rights to inspect the business, its premises, books and records, under their contract.

■ The Malkans argue that their trial amendment asking for declaratory relief and filed shortly after Stoner's attorney quit the trial was properly allowed and thus supplied the necessary basis in the pleadings for the declaratory relief in the judgment. If the trial amendment had asserted a new or different cause of action of which Stoner did not have fair notice, it would not support a judgment based upon that new or different cause of action. In this case, however, we hold that apart from the trial amendment, Stoner had fair notice of this declaratory relief by the pleadings of the Malkans on file in the case. The Malkans had made the same contention in all three of their prior pleadings that they made in their trial amendment, i. e., that they had a valid contract with Thompson to buy the majority stock interest in Texas Media. Stoner was charged with notice of all pleadings that had been filed and served on him

or his attorney prior to their withdrawal. A determination of the question of the validity of the Malkans' contract to buy the stock had to be made before the trial court could have granted the Malkans relief under any of their prior pleadings. Stoner cannot now say that he did not have fair notice that such declaration of validity or invalidity was going to be made upon a trial. *Edwards Feed Mill v. Johnson, supra; Chokas v. Donald,* 439 S.W.2d 870 (Tex.Civ. App.1969, no writ).

Texas Media and the Malkans both argue that when Stoner quit the trial, he waived all his rights to complain about their pleadings. They contend that under Rule 90, providing that pleading defects are waived when not brought to the attention of the trial court before judgment, and Rule 67, providing that issues not raised by the pleadings can be tried by implied consent, Stoner has waived any and all defects in the pleadings. They cite *Willeford v. Walker,* 499 S.W.2d 190 (Tex.Civ.App.1973, no writ); however, that case has no application here. There the party complaining was present during the trial and did participate. He was under those circumstances found to have waived his complaint about the pleadings and tried the unpled issue by implied consent. See also *J. D. Abrams, Inc. v. Sebastian,* 570 S.W.2d 81, 84 (Tex.Civ.App. 1978, writ ref'd n. r. e.).

■ The specific terms of Rule 90 exempt its application to default judgments, and this Court has so held. *Griswold v. Carlson,* 151 Tex. 246, 249 S.W.2d 58 (1952). In view of our holding that in measuring the sufficiency of pleadings to support a judgment a post-answer default is treated the same as a no-answer default judgment and a judgment *nihil dicit,* it follows that Rule 90 does not apply to a post-answer default judgment. A default judgment admits facts which are properly alleged. *Fitz v. Toungate,* 419 S.W.2d 708 (Tex.Civ.App.1967, writ ref'd n. r. e.); 4 McDonald, Texas Civil Practice 119 § 17.-23.3 (1971). While a petition which serves as the basis for a default judgment may be objectionable under Rule 90, the default

judgment will be held erroneous only if (1) the petition (or other pleading of the non-defaulting party that seeks affirmative relief) does not attempt to state a cause of action that is within the jurisdiction of the court, or (2) the petition (or pleading for affirmative relief) does not give fair notice to the defendant of the claim asserted, or (3) the petition affirmatively discloses the invalidity of such claim. Likewise, an absent party will not be considered to have tried an unpled cause of action by implied consent under Rule 67 where fair notice of that cause of action is not in the pleadings. *Edwards Feed Mill v. Johnson, supra; Weatherford v. Van Alstyne, supra; City of Fort Worth v. Gause, supra; Spivey v. San-er-Ragley Lumber Co., supra; C & H Transportation Company v. Wright, supra.*

The judgment of the Court of Civil Appeals is reformed to eliminate the award of $50,000.00 damages to Texas Media, Rule 501; the remainder of the judgment is affirmed.