**CHASE BANK OF TEXAS, N.A. f/k/a Texas Commerce Bank, N.A., Appellant,**

**v.**

**HARRIS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT # 109; Klein Independent School District (Klein Isd); Harris County; Harris County Education Department; Port of Houston of Harris County Authority; Harris County Flood Control**

District; The Harris County Hospital District (Harris County); Harris County Rural Fire Prevention District # 29; Houston Community College District; Houston Independent School District, Appellees.

No. 01–99–01234–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 28, 2000.

Published in Part Pursuant to Tex. R. App. P. 90.

Candice E. Sayre, Houston, for Appellant.

Ted A. Cox, Pankaj R. Parmar, Terry G. Wiseman, for Appellee.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE.[1]

## OPINION ON REHEARING

HEDGES, Justice.

The motion for rehearing is granted. Our opinion and judgment of October 19, 2000 are withdrawn and the following is substituted in its place.

In our previous opinion, we held that because no reporter's record was made of the proceedings below, we assumed that the trial judge heard sufficient evidence to make the necessary findings needed to support the judgment. We now find that our opinion was in error, and therefore, reverse and remand for a new trial.

### Background

We briefly review the procedural posture of this case. Appellees, Harris County et al., sued appellant, Chase Bank of Texas, N.A. F/K/A Texas Commerce Bank, N.A. (Chase). Chase filed an answer. When the case was called for trial, Chase was not present. The trial court rendered a post-answer default judgment. Chase then filed this restricted appeal.

On appeal, Chase asked this Court to reverse and remand because there was insufficient evidence to support the trial court's judgment. In the reply brief, Chase noted that because there was no reporter's record, this Court should grant a new trial.

### Reporter's Record

In *Carstar Collision v. Mercury Finance*, this Court considered a nearly identical issue. 23 S.W.3d 368 (Tex.App.— Houston [1st Dist.] 1999, pet. denied). There, a timely notice of appeal was taken from a post-answer default judgment. The appellant discovered that the court reporter was not requested to record any testimony and therefore, no record was made. We held that, "[i]f the judgment is rendered after presentation of evidence to the court in the absence of the appellant and his attorney, the failure to have the court reporter present to make a record constitutes reversible error." *Id.* at 370. Further, "[s]uch error is not harmless be-

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

cause, without a reporter's record, this Court is unable to determine if sufficient evidence was submitted to support the judgment." *Id.*

The question then becomes whether *Carstar* can be extended to a restricted appeal. We have found only one case that has the same procedural posture, a post-answer default judgment followed by a restricted appeal, as the case at bar. In *Smith v. Smith,* a post-answer default judgment was rendered, followed by a restricted appeal. 544 S.W.2d 121, 122 (Tex. 1976). The court reporter did not participate in the hearing and was unable to furnish a statement of facts. *Id.* at 122. The Court of Civil Appeals ruled that the petitioner's inability to obtain a statement of facts did not entitle him to a reversal of the judgment. *Id.* However, the Texas Supreme Court reversed, finding that the petitioner has a right to a retrial because of his inability to procure a statement of facts. *Id.* at 123. Other cases have also held that lack of a reporter's record in a post-answer default judgment requires reversal when the appellant is unable to obtain a statement of facts. *See Rogers v. Rogers,* 561 S.W.2d 172, 173–74 (Tex.1978); *Robinson v. Robinson,* 487 S.W.2d 713, 715 (Tex.1972).

Based on *Smith* and the cases that follow it, we hold that *Carstar* can be extended to a restricted appeal. Accordingly, we find that because there was no reporter's record of the post-answer default judgment, this case must be reversed for a new trial.

### Conclusion

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App.P. 47, and is thus ordered not published.

We reverse the judgment of the trial court and remand the case for further proceedings.