Opinion issued on February 5, 2004.







     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01238-CV




MEHBOOB SHARIF A/K/A BOB SHARIF 
D/B/A BURGER KING, Appellant

V.

PAR TECH, INC., Appellee




On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 750362




MEMORANDUM OPINION
 
          In this restricted appeal, appellant, Mehboob Sharif a/k/a Bob Sharif d/b/a
Burger King (“Sharif”), challenges the trial court’s default judgment in favor of
appellee, Par Tech, Inc. In his sole point of error, Sharif contends that the trial court
erred in granting the post-answer default judgment in favor of Par Tech because Par
Tech failed to present any evidence in support of its suit on a sworn account and no
reporter’s record was made. We reverse the judgment and remand the case.
Background
          Par Tech sued Sharif, and Sharif filed an answer. When the case was called for
trial, Sharif did not appear. The trial court rendered a judgment nihil dicit. Sharif
then filed this restricted appeal. 
Nihil Dicit
          Sharif contends that the trial court mistakenly named the suit a judgment nihil
dicit.  Nihil dicit literally means “he says nothing.” See Frymire Eng’g Co. v.
Grantham, 524 S.W.2d 680, 680 (Tex. 1975); Black’s Law Dictionary 1067 (7th
ed. 1999). A defendant who appears, but does not put the merits of the plaintiff’s
case at issue, is subject to judgment nihil dicit. Stoner v. Thompson, 578 S.W.2d 679,
682 (Tex. 1979) (distinguishing among a default judgment, a post-answer default
judgment, and a judgment nihil dicit). A judgment nihil dicit is similar to a
no-answer default judgment. Id. However, a judgment nihil dicit carries a stronger
confession than a default judgment. Id. A judgment nihil dicit “is an abandonment
of every known defense or any defense which ordinary diligence could have
disclosed.” O’Quinn v. Tate, 187 S.W.2d 241, 245 (Tex. Civ. App.—Texarkana
1945, writ ref’d). A no-answer default judgment and a judgment nihil dicit are so
similar that the same rules apply to each with respect to the effect and validity of the
judgment. Stoner, 578 S.W.2d at 682. Both the no-answer default judgment and the
judgment nihil dicit differ from a post-answer default judgment where an answer is
on file but the defendant fails to appear at the trial. Id. 
          A post-answer default judgment constitutes neither an abandonment of the
defendant’s answer nor an implied confession of any issues joined by the defendant’s
answer. Id. Judgment cannot be entered on the pleadings, but the plaintiff must offer
evidence and prove his case as in a judgment upon a trial. Id. The judgment in this
case was neither a no-answer default judgment nor a judgment nihil dicit, but, rather,
a post-answer default judgment. 
Restricted Appeal
          In his sole point of error, Sharif contends that the trial court erred in granting
the post-answer default judgment in favor of Par Tech because Par Tech failed to
present any evidence in support of its cause of action. Sharif contends that, because
there was no reporter’s record, this Court should grant a new trial.
          In contrast to an ordinary appeal, a direct attack by restricted appeal affords no
presumptions in support of the judgment challenged. See Chase Bank v. Harris
County Water Control & Improvement Dist., 36 S.W.3d 654, 655 (Tex.
App.—Houston [1st Dist.] 2000, no pet.). An appellant filing a restricted appeal must
demonstrate the following elements: (1) appellant appealed within six months after
the trial court signed the judgment, (2) appellant was a party to the suit, (3) appellant
did not participate at trial, and (4) error appears on the face of the record. See Tex.
R. App. P. 30; Quaestor Invs., Inc. v. State of Chiapas, 997 S.W.2d 226, 227 (Tex.
1999).  
          Here, Sharif filed a notice of restricted appeal within six months of the date of
judgment, was a party to the lawsuit, and did not participate at trial. Thus, we turn
to whether any error appears on the face of the record. 
Reporter’s Record
          In Chase Bank, the bank timely filed a notice of appeal after a post-answer
default judgment. 36 S.W.3d at 655. The bank discovered that the court reporter did
not record any testimony and, therefore, no record was made. Id. We held that, “[i]f
the judgment is rendered after presentation of evidence to the court in the absence of
the appellant and his attorney, the failure to have the court reporter present to make
a record constitutes reversible error.” Id. Further, we stated that, “[s]uch error is not
harmless because, without a reporter’s record, this Court is unable to determine if
sufficient evidence was submitted to support the judgment.” Id. 
          The lack of a reporter’s record in a post-answer default judgment requires
reversal when the appellant is unable to obtain a statement of facts. See Rogers v.
Rogers, 561 S.W.2d 172, 173–74 (Tex. 1978); Smith v. Smith, 544 S.W.2d 121, 122
(Tex. 1976); Robinson v. Robinson, 487 S.W.2d 713, 715 (Tex. 1972). Accordingly,
we find that, because there was no reporter’s record of the post-answer default
judgment, we must reverse this case for a new trial.
          We sustain Sharif’s sole point of error.
Conclusion
           We reverse the judgment of the trial court and remand the case for further
proceedings.
 

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Hanks.