**Mehboob SHARIF a/k/a Bob Sharif d/b/a Burger King, Appellant**

v.

**PAR TECH, INC., Appellee.**

No. 01–02–01238–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 26, 2004.

Jeffrey R. Matthews, Toby C. Easley, Matthews & Easley, P.C., Michael Beckwith, Michael S. Beckwith, P.C., Houston, TX, for Appellant.

Jonathan C. Malone, Peter Evans Pratt, Jr., Pratt & Malone, Houston, TX, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and GEORGE C. HANKS, JR.

## OPINION

GEORGE C. HANKS, JR., Justice.

We vacate our judgment of February 5, 2004, withdraw our previous opinion, and issue the following one in its stead.

In this restricted appeal, appellant, Mehboob Sharif a/k/a Bob Sharif d/b/a Burger King (Sharif), challenges the trial court's judgment in favor of appellee, Par Tech, Inc. In his sole point of error, Sharif contends that the trial court erred in granting a judgment *nihil dicit* in favor of Par Tech because Par Tech failed to present any evidence in support of Par Tech's suit on a sworn account and Par Tech failed to have a reporter's record made of the proceeding. We reverse the judgment and remand the case.

## Background

Par Tech filed suit on a sworn account against Sharif for $13,333.63. The petition was verified · by an attached affidavit. Sharif filed his answer consisting of a general denial and a specific denial. The specific denial stated as follows:

> Defendants, MEHBOOB SHARIF A/K/A BOB SHARIFF D/B/A BURGER KING specifically deny all allegations alleged by Plaintiff in paragraphs E for the amount of $13,333.63, attorney's fees alleged in Plaintiff's Petition. Defendants also deny for [sic] being in debt to Plaintiff for any sum alleged in paragraph E of the Petition.

Paragraph E of Par Tech's petition stated the entirety of Par Tech's allegations against Sharif, including its claim for breach of contract, a sworn account, and attorney's fees. Sharif also attached a signed and notarized affidavit to his answer in support of his specific denial. The affidavit stated:

> Defendants do not owe any money to Plaintiff as alleged. Plaintiff's installer left some defective products at Defendant's place of business to be picked up by the Plaintiff. Defendant has made several attempts to return the said products mainly electronic cash register without any success. Those defective products are still lying with the Defendant to be picked up by the Plaintiff. *I have read Defendants' Original Answer and that every statement contained in such answer is within my knowledge and true and correct.*

(Emphasis added.)

At the nonjury trial of this cause, the trial court entered a judgment *nihil dicit* against Sharif, after Sharif failed to appear at trial, either in person or through

counsel. Sharif timely filed his notice of restricted appeal.[1]

### Type of Judgment Rendered

■ Before we address appellant's point of error, we must first determine what type of judgment was entered by the trial court against Sharif. In this case, the trial court styled the judgment as a judgment *nihil dicit*. *Nihil dicit* literally means "he says nothing." *See Frymire Eng'g Co. v. Grantham*, 524 S.W.2d 680, 680 (Tex.1975); BLACK'S LAW DICTIONARY 1067 (7th ed.1999). *Nihil dicit* judgments are usually limited to situations where (1) the defendant has entered some plea, usually of a dilatory nature, but such plea has not placed the merits of the plaintiff's case in issue, or (2) the defendant has placed the merits of the case in issue by filing an answer, but such answer has been withdrawn. *Frymire Eng'g*, 524 S.W.2d at 681; *see Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979) (discussing the difference between a no-answer default judgment, judgment *nihil dicit*, and a post-answer default judgment). A judgment *nihil dicit* is similar to a no-answer default judgment in that, in both instances, it is said that the non-answering party has "admitted" the facts properly pled and the justice of opponent's claims. *Stoner*, 578 S.W.2d at 682. However, a judgment *nihil dicit* carries a stronger confession than a default judgment. *Id.* A judgment *nihil dicit* "is an abandonment of every known defense or any defense which ordinary diligence could have disclosed." *O'Quinn v. Tate*, 187 S.W.2d 241, 245 (Tex.Civ.App.-Texarkana 1945, writ ref'd).

■ By contrast, a post-answer default judgment occurs where a timely answer, that puts the merits of plaintiff's claims at issue, is on file, but the defendant fails to appear at trial. *Stoner*, 578 S.W.2d at 682. If a defendant has filed such an answer, the defendant's failure to appear at trial is neither an abandonment of the defendant's answer nor is it an implied confession of any issues thus joined by the defendant's answer. *Id.*

The judgment in this case was not a judgment *nihil dicit*, but, rather, a post-answer default judgment. As the record reflects, Sharif timely filed a verified specific denial to Par Tech's sworn account claim and did not withdraw his answer prior to the trial date. The specific denial challenged all of the allegations contained in Par Tech's sworn account claim and placed at issue the merits of Par Tech's sworn account claim.

### Analysis

■ In his sole point of error, Sharif contends that the trial court erred in granting the judgment in favor of Par Tech because Par Tech failed to present any evidence in support of the judgment and failed to have a reporter's record made of the proceedings. Sharif contends that, because there was no reporter's record, this Court should grant a new trial.

■ In contrast to an ordinary appeal, a direct attack by restricted appeal affords no presumptions in support of the judgment challenged. *See Chase Bank v. Harris County Water Control & Improvement Dist.*, 36 S.W.3d 654, 655 (Tex.App.-Houston [1st Dist.] 2000, no pet.). An appellant filing a restricted appeal must demonstrate the following elements: (1) appellant appealed within six months after the trial court signed the judgment, (2) appellant was a party to the suit, (3) appellant did not participate at trial, and (4) error appears on the face of the record. *See* TEX. R.APP. P. 30; *Quaestor Invs., Inc. v. State*

---

**1.** A restricted appeal is a direct attack on a judgment. *Roventini v. Ocular Sci., Inc.*, 111

S.W.3d 719, 723 (Tex.App.-Houston [1st Dist.] 2003, no pet.).

*of Chiapas,* 997 S.W.2d 226, 227 (Tex. 1999).

Here, Sharif filed a notice of restricted appeal within six months of the date of judgment, was a party to the lawsuit, and did not participate at trial. Thus, we turn to whether any error appears on the face of the record. *See Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985).

 Post-answer default judgments cannot be entered on the pleadings, but, rather, a plaintiff must offer evidence and prove his case as in a judgment on trial. *Stoner,* 578 S.W.2d at 682. "If the judgment is rendered after presentation of evidence to the court in the absence of the appellant and his attorney, the failure to have the court reporter present to make a record constitutes reversible error." *Chase Bank,* 36 S.W.3d at 655. "Such error is not harmless because, without a reporter's record, this Court is unable to determine if sufficient evidence was submitted to support the judgment." *Id.* at 655–56.

Par Tech argues that, in this case, a judgment could be entered on the pleadings and no reporter's record was necessary because Sharif's verified denial was not specific enough to comply with Texas Rules of Civil Procedure 185 and 93(10) and overcome the evidentiary effect of Par Tech's verified petition. We disagree.

Rule 185 provides that, unless a party, against whom an action on a sworn account has been asserted, timely files a

> written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may be. *No particularization or description of the nature of the component parts of the account or claim is necessary unless the trial court sustains special exceptions to the pleadings.*

Tex.R. Civ. P. 185 (emphasis added). Rule 93 provides, in part that "A pleading setting up any of the following matters ...

shall be verified by affidavit.... A denial of an account which is the foundation of the plaintiff's action, and supported by affidavit." Tex.R. Civ. P. 93(10). Par Tech leveled no special exceptions against Sharif's denial of the account or his attached affidavit. Therefore, Sharif's sworn denial of the account is sufficient under the rules to destroy the evidentiary effect of Par Tech's verified sworn account pleadings and forces the plaintiff to put on proof of its claim. *See United Bus. Machs. v. Entm't Mktg., Inc.,* 792 S.W.2d 262, 264 (Tex.App.-Houston [1st Dist.] 1990, no writ). Hence, the post-answer default judgment cannot be supported by Par Tech's pleadings.

Here, there is no reporter's record of the post-answer default judgment proceedings indicating whether the trial court impermissibly entered judgment on Par Tech's pleadings or upon sufficient evidence it submitted, at trial. In the absence of such a record, we must reverse this case for a new trial. *See Chase Bank,* 36 S.W.3d at 655.

We sustain Sharif's sole point of error.

## Conclusion

We reverse the judgment of the trial court and remand the case for further proceedings.