Affirmed in Part; Reversed and Remanded in Part and Memorandum Opinion
filed February 21, 2006









Affirmed in Part; Reversed and Remanded in Part and Memorandum Opinion filed February 21,
2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00921-CV

____________

 

KIMBERLY ANN
HARMON,
Appellant

 

V.

 

ALAN HOWARD BITZER, Appellee

 



 

On Appeal from the 247th
District Court

Harris County, Texas

Trial Court Cause No. 1992-40501

 



 

M E M O R A N D U M   O P I N I O N








In this restricted appeal, appellant
Kimberly Ann Harmon appeals the dismissal of her motion for clarification of a
domestic relations order for want of prosecution and an award of attorney=s fees to appellee
Alan Howard Bitzer.  Harmon contends (1)
she satisfies the requirements for a restricted appeal, and (2) the trial court=s judgment should
be reversed because the face of the record shows that the trial court granted
relief on unliquidated claims without creating a record to support the relief
granted.  Because we agree that the face
of the record demonstrates error because the award of attorney=s fees is not
supported by a reporter=s record or any other evidence, we reverse
and remand as to that portion of the trial court=s judgment.  We affirm the remainder of the trial court=s judgment. 

Factual and Procedural Background

Kimberly Ann Harmon (formerly Bitzer) and
Alan Howard Bitzer were divorced 0n January 29, 1993.  The divorce decree recited that, pursuant to
a Qualified Domestic Relations Order (QDRO) signed contemporaneously with the
decree, Harmon was awarded 20% of the benefits accumulated as of the date of
the divorce in Bitzer=s Arco retirement account.  In June of 2002, Harmon filed a motion for
clarification, alleging that the original QDRO for the Arco retirement account
was never submitted to the trial court, and requesting that the trial court
enter a proposed new QDRO to conform to new guidelines for qualification due to
a merger of the Arco benefit plan into other plans.  

Bitzer opposed the motion for
clarification, contending that the motion impermissibly sought to alter the
terms of the divorce decree.  Bitzer also
alleged that, contrary to the representations in Harmon=s motion, the original
QDRO for the Arco retirement account was signed by the  trial court, but apparently was never
forwarded to the plan administrator.  Had
the QDRO been timely forwarded and had Harmon=s counsel reviewed
the trial court=s file, Bitzer contended, the motion for
clarification would not have been necessary. 
Bitzer also requested reasonable attorney=s fees and
expenses incurred in responding to Harmon=s motion for
clarification.

On September 10, 2003, counsel for Harmon
and Bitzer entered into a Rule 11 agreement to pass the trial scheduled for the
next day in order to give Harmon additional time to have the original QDRO
qualified by the plan administrator.  The
parties also agreed to reschedule the trial to January 5, 2004.  The Rule 11 agreement was signed by both
parties and filed with the trial court.








On November 14, 2003, the parties were
ordered to appear before the trial court by a notice entitled AORDER TO APPEAR@ and signed by the
court coordinator.  The parties were
directed to appear on November 21, 2003, and were informed that failure to
appear would be grounds for dismissal for want of prosecution, and that no
further notice would be given.  Neither
Harmon nor her attorney appeared on November 21, and so on that day the trial
court entered an order dismissing Harmon=s motion for
clarification for want of prosecution with prejudice, and awarded attorney=s fees of $3,500
to Bitzer=s attorney.  The order acknowledged the parties= Rule 11
agreement, but recited that Anotwithstanding@ this agreement,
they had been ordered to appear before the trial court.  The trial court also signed a separate order
on November 24, 2003, dismissing the case for want of prosecution.  Harmon filed her notice of restricted appeal
on May 19, 2004.

Analysis of Restricted Appeal

In her first issue, Harmon contends she
has satisfied the four requirements for bringing a restricted appeal.  In her second issue, Harmon contends Bitzer
was awarded various forms of unliquidated damages that are unsupported by any
evidence because no reporter=s record was made
of the hearing.  We will address each of
these issues, but first we examine Bitzer=s contention that
Harmon failed to properly preserve error in the trial court.

1.       Preservation
of Error and Restricted Appeal








As an initial matter, Bitzer contends
Harmon failed to preserve her complaint for appeal because she did not present
it to the trial court or raise it in a post-judgment motion.[1]  However, a court of appeals can review
unpreserved error in a restricted appeal. 
See Onwukwe v. Ike, 137 S.W.3d 159, 167 (Tex. App.CHouston [1st
Dist.] 2004, no pet.) (stating that one need not preserve error to bring a
restricted appeal); Mabon Ltd. v. Afri-Carib Enters., Inc., 29 S.W.3d
291, 299 (Tex. App.CHouston [14th Dist.] 2000, no pet.)
(noting that to bring a restricted appeal, appellant must not have participated
at trial, and so could not have preserved error for appeal); see also Texaco,
Inc. v. Central Power & Light Co., 955 S.W.2d 373, 375 (Tex. App.CSan Antonio 1997,
pet. denied) (rejecting argument that unpreserved error could not be raised in
appeal by writ of error from a jury trial). 
Moreover, the restricted appeal rule, by its plain language, is
available only to one who, among other things, Adid not timely
file a postjudgment motion.@  Tex.
R. App. P. 30.  Therefore, we
reject Bitzer=s argument.

2.       The
Requirements for Restricted Appeal

We next turn to the substance of Harmon=s argument that
she has satisfied the requirements for a restricted appeal.  To prevail on a restricted appeal, Harmon
must establish that (1) she filed notice of the restricted appeal within six
months after the judgment was signed, (2) she was a party to the underlying
lawsuit, (3) she did not participate in the hearing that resulted in the
judgment complained of and did not timely file any postjudgment motions or
requests for findings of fact and conclusions of law, and (4) error is apparent
on the face of the record.  See
Alexander v. Lynda=s Boutique, 134 S.W.3d 845,
848 (Tex. 2004); Tex. R. App. P. 30.  Bitzer appears to challenge only the fourth
requirementCthat error is apparent on the face of the
recordCby arguing that
the trial court had authority to dismiss Harmon=s suit for want of
prosecution under either Texas Rule of Civil Procedure 165a or its inherent
authority when neither Harmon nor her attorney appeared.  See Villarreal v. San Antonio Truck &
Equip., 994 S.W.2d 628, 630 (Tex. 1999) (stating that trial court=s authority to
dismiss for want of prosecution stems from Texas Rule of Civil Procedure 165a
and its inherent power under the common law). 
Therefore, the only question is whether Harmon can demonstrate that
error is apparent on the face of the record.

          Harmon contends there are three errors
on the face of the record:

$                  
 the Aorder@ requiring the parties to appear on
November 21, 2003 was signed Aby a person who is not a judge qualified to sign orders@;

$                  
the
trial court=s order dismissing the case allows
Bitzer to back out of the Rule 11 agreement unilaterally; and 

$                  
the trial court=s order grants
attorney=s fees without
benefit of a record. 








The face of the record, for purposes of restricted
appeals, consists of all papers on file in the appeal, including the reporter=s record.  See Norman Communications v. Tex. Eastman
Co., 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).  Sufficiency of the evidence may be reviewed
in a restricted appeal. Id.

Bitzer=s argument that
the trial court has authority to dismiss the case for want of prosecution
addresses the second complaint Harmon makes; that is, that the dismissal
conflicted with the parties= Rule 11 agreement
to reset the trial date to a later date. 
The trial court is authorized by the rules of civil procedure and its
inherent power to decide whether to dismiss a case for want of
prosecution.  See Villareal, 994
S.W.2d at 630.  The parties may agree
between themselves that they would prefer to extend a trial date, but the trial
court controls its docket and so can, by its authority, set a case for
dismissal regardless of an agreement between the parties.[2]  Thus, the trial court=s dismissal for
want of prosecution, notwithstanding the Rule 11 agreement, does not constitute
error on the face of the record.[3]








In addition, the Aorder@ requiring the
parties to appear on November 21, 2003 does not constitute error on the face of
the record simply because it is signed by someone other than the trial
judge.  Although entitled AOrder to Appear,@ the notice merely
informed the parties that their case was set for dismissal on a date and time
certain.  The notice also warned that A[f]ailure to
appear and announce at the call of the docket will be grounds for this case to
be DISMISSED FOR WANT OF PROSECUTION@ and that A[n]o further
notice will be given.@[4]  It is apparent that the Aorder@ Harmon complains
of is nothing more than the notice specified in Texas Rule of Civil Procedure
165a, the rule governing dismissal for want of prosecution.  See Tex.
R. Civ. P. 165a (ANotice of the court=s intention to
dismiss and the date and place of the dismissal hearing shall be sent by the
clerk to each attorney of record . . . .@).  We decline to find error on the face of the
record on the basis of this notice.  

However, one of Harmon=s complaints does
identify error on the face of the record. 
The trial court awarded Bitzer=s attorney $3,500
in attorney=s fees, but there is no reporter=s record or other
evidence supporting this award.[5]  If damages are unliquidated, a court
rendering a default judgment must hear evidence on damages.  Tex.
R. Civ. P. 243; Holt Atherton Indus., Inc. v. Heine, 835
S.W.2d 80, 83 (Tex. 1992).  Attorney=s fees A>are by their very
nature unliquidated unless the exact amount is fixed by agreement.=@  Siddiqui v. West Bellfort Prop. Owners Ass=n, 819 S.W.2d 657,
659 (Tex. App.CEl Paso 1991, no writ) (quoting Freeman
v. Leasing Assocs., Inc., 503 S.W.2d 406, 408 (Tex. Civ. App.CHouston [14th
Dist.] 1973, no writ)).  In this case, evidence
is required to support an award of reasonable attorney=s fees.[6]  








Courts have held that the lack of a
reporter=s record in a
post-answer default judgment requires reversal when the appellant=s right to have
the case reviewed on appeal can be preserved in no other way.  See Rogers v. Rogers, 561 S.W.2d 172,
173B74 (Tex. 1978); Smith
v. Smith, 544 S.W.2d 121, 122 (Tex. 1976). 
In such an instance, the error is harmful:  AIf the judgment is
rendered after presentation of evidence to the court in the absence of the
appellant and his attorney, the failure to have the court reporter present to
make a record constitutes reversible error.@  Chase Bank of Tex., N.A. v. Harris County
Water Control & Improvement Dist., 36 S.W.3d 654, 655 (Tex. App.CHouston [1st
Dist.] 2000, no pet.).  ASuch error is not
harmless because, without a reporter=s record, this
Court is unable to determine if sufficient evidence was submitted to support
the judgment.@  Id.
at 655B56 (holding that
lack of reporter=s record in restricted appeal of default
judgment entitled defendant to new trial). 
Although these rules are generally applied to default judgments, we
think they apply equally in the context of a dismissal for want of prosecution.


Here, Harmon requested a reporter=s record of the
November 21, 2003 hearing from the court reporter to be included in the record
on appeal, but no reporter=s record was
provided.  Harmon was also informed by
the court reporter that no record was made of the proceedings on that
date.  Thus, Harmon has established error
on the face of the record because of the record=s failure to
reflect what, if any, evidence was submitted to the trial court in support of
the attorney=s fee award.[7]  See Rogers, 561 S.W.2d at 173B74; Smith,
544 S.W.2d at 123; Chase Bank, 36 S.W.3d at 656.  Therefore, Harmon is entitled to a new trial
on the issue of attorney=s fees.

 

 

 








3.       Other
Unliquidated Claims

Although we have held that Harmon is
entitled to a new trial on the issue of attorney=s fees, we do not
agree with Harmon that she is entitled to reversal of the entire case.  As we explain below, Harmon identifies no
other unliquidated claim.

In her second issue, Harmon contends that
the trial court granted relief on Aunliquidated
claims@ by (1) granting
the award of attorney=s fees, (2) granting the Aunilateral
withdrawal@ of the Rule 11 agreement, and (3) denying
all of Harmon=s requested relief.  Thus, Harmon concludes, the lack of a
reporter=s record to
support these purported awards of unliquidated damages entitles her to a new
trial.  However, other than the award of
attorney=s fees, which we
have already discussed, none of the identified Arelief@ constitutes
relief on unliquidated claims.

First, as discussed above, the trial court
was authorized by the rules of civil procedure as well as its inherent
authority to dismiss Harmon=s claims for want
of prosecution regardless of any agreement between Harmon and Bitzer to extend
the trial date.  Harmon provides no
authority or argument to support her contention that any effect on the parties= Rule 11 agreement
constitutes Aunliquidated damages@ requiring the
court to hear evidence, and we find no basis upon which to reach such a
conclusion.  See Tex. R. Civ. P. 243.  Therefore, we find no error on the face of
the record on this basis.

Likewise, we find no error on the face of
the record relating to the denial of all of Harmon=s requested
relief.[8]  By its very nature, a dismissal for want of
prosecution dismisses a party=s claims;
therefore, the denial of relief cannot be considered damages for an Aunliquidated@ claimCor any claimCbecause relief is
denied.  Nor is the opposing party awarded
any unliquidated damages merely because the plaintiff=s claims are
denied.








Therefore, with the exception of the award
of attorney=s fees, which we hold constitutes error on
the face of the record because no reporter=s record or other
evidence supports the award, we find Harmon=s arguments
concerning other unliquidated damages have no merit.

Conclusion

We hold that the trial court abused its
discretion in awarding attorney=s fees to Bitzer=s attorney without
a reporter=s record or other evidence to support the
award; therefore, Harmon has demonstrated error on the face of the record
entitling her to a new trial on the issue of attorney=s fees.  We therefore affirm the trial court=s judgment
dismissing Harmon=s claims, but reverse and remand that
portion of the trial court=s judgment
awarding attorney=s fees for further proceedings in
accordance with this opinion.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed February 21, 2006.

Panel
consists of Justices Fowler, Edelman, and Guzman.











[1]  In this
argument, Bitzer cites former Texas Rule of Appellate Procedure 52(a); we
understand him to be referring to Texas Rule of Appellate Procedure 33.1.  See Tex.
R. App. P. 33.1 (general error preservation rules).  





[2]  We also note from the record that
the trial on Harmon=s motion was rescheduled at least
once, and the Rule 11 agreement reflects that the trial had been rescheduled
four times before. 





[3]  Bitzer also
suggests, without citation to authority, that Harmon=s failure to take any action to comply with the Rule
11 agreement is another reason to deny the restricted appeal.  However, an appellant in a restricted appeal
is not required to show diligence or lack of negligence before her complaints
will be heard.  See Texaco, Inc. v.
Cent. Power & Light Co., 925 S.W.2d 586, 590 (Tex. 1996).





[4]  The document
provided as follows:

 

On
or about SEPTEMBER 11, 2003 this matter was set for trial and it was announced
to the Court that this case had reached a settlement agreement.  All parties and counsel are now ordered to
appear in front of this Honorable Court to present your evidence and your final
order for signature on NOVEMBER 21, 2003 at 9:30 AM.  Failure to appear and announce at the call of
the docket will be grounds for this case to be DISMISSED FOR WANT OF
PROSECUTION.  No further notice will be
given. 

 

The document also recited that the notice was sent to
the attorneys for both parties.





[5]  The trial court may award
reasonable attorney=s fees in a proceeding to enforce
or clarify a divorce decree.  McKnight
v. Trogdon-McKnight, 132 S.W.3d 126, 132 (Tex. App.CHouston [14th Dist.] 2004, no
pet.); Tex. Fam. Code ' 9.014.  It is within the trial court's discretion to
award attorney=s fees.  Id. 
The decision to grant or deny attorney=s fees under the Family Code is
reviewed for an abuse of discretion.  Schneider
v. Schneider, 5 S.W.3d 925, 930 (Tex. App.CAustin 1999, no pet.). 





[6]  Although
neither party raises the issue, we note that, in the context of this case, the
trial court may not simply take judicial notice of reasonable attorney=s fees without supporting evidence.  Section 38.004 of the Civil Practice and
Remedies Code provides that a trial court may take judicial notice of the usual
and customary attorney=s fees and the contents of its case file without
receiving further evidence.  See Tex. Civ. Prac. & Rem. Code Ann. ' 38.004. 
However, Chapter 38 of the Civil Practice and Remedies Code does not
permit the trial court to take judicial notice of the reasonableness of an
attorney=s fee and does not apply to a suit that is not one of
the types of claims enumerated in section 38.001 of that chapter.  See London v. London, 94 S.W.3d 139,
148B49 (Tex. App.CHouston
[14th Dist.] 2002, no pet.); Valdez v. Valdez, 930 S.W.2d 725, 732B33 (Tex. App.CHouston
[1st Dist.] 1996, no pet.); see also
London, 94 S.W.3d at 151B52
(Fowler, J., concurring) (concluding that provisions of Chapter 38 of the Texas
Civil Practice and Remedies Code are not available to a party bringing suit
under the Family Code). 





[7]  The trial
court=s order does not show that the trial court heard
evidence at the hearing, reflecting only that the trial court Areview[ed] the pleadings on file and heard arguments
of counsel.@  See
Siddiqui, 819 S.W.2d at 659 (AThe
trial court=s failure to conduct an evidentiary hearing on the
issue of attorney=s fees requires this Court to reverse and remand that
particular portion of the default judgment.@). 





[8]  Harmon does
not argue that the dismissal of her claims Awith
prejudice@ constitutes error on the face of the record.