Opinion issued March
31, 2011



In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-09-00885-CV

————————————

REBECCA VAUGHAN,
Appellant

V.

bETTY MEDINA, INDIVIDUALLY AND AS NEXT FRIEND OF
MINOR CHILDREN g.T. AND Y.H.,
Appellee

 



 



 

On Appeal from County Court at Law Number
Three

Fort
Bend County, Texas



Trial Court Cause No. 07-CV-033875

 



 

MEMORANDUM
OPINION

          Appellant,
Rebecca Vaughan, appeals a default judgment rendered in favor of appellee,
Betty Medina, individually and as next friend of her minor children, G.T. and
Y.H.  In her only issue, Vaughan contends
that the failure to have the court reporter make a record of the trial
proceedings below constitutes reversible error because without a reporter’s
record, the sufficiency of the evidence cannot be reviewed on appeal.  We agree. 
We reverse and remand for a new trial.

Background

          One day in late-December 2006, Medina was
driving southbound on Highway 6 in Sugar Land, Texas, with her minor children,
G.T. and Y.H., riding as passengers.  Vaughan
drove onto Highway 6 from a private driveway, and the two cars collided, injuring
Medina and her children.  Medina sued
Vaughan for negligence.  Vaughan filed an
answer containing a general denial and several affirmative defenses.

          In its April 21, 2009 final judgment,
the trial court found that Vaughan had been duly and timely notified of the
trial setting but failed to appear and answer ready for trial.  The court further explained that all questions
of fact and law had been submitted to it and that Medina had presented her
evidence to the trial court.  The court
found that Vaughan’s negligence proximately caused Medina’s and her children’s
injuries.  The court awarded Medina and
her children $36,500.  

          On the thirty-seventh day after the
trial court entered final judgment, Vaughan filed a motion for new trial, contending
that her failure to appear at trial was neither intentional nor the result of conscious
indifference.  Vaughan explained that her
failure to appear was instead the result of confusion caused by a glitch in her
attorney’s computer system, which led her attorney to believe the case had been
rescheduled.  In support of this
explanation, Vaughan attached to her motion computer records listing the status
of the April 21, 2009 trial setting as “Rescheduled.”  In her motion, Vaughan admitted receiving
notice of the trial court’s entry of final judgment on the seventh day after
the judgment was signed.  Vaughan also
asserted that no reporter’s record of the proceeding was made.

          Medina responded that Vaughan’s motion
for new trial was not timely filed because it was not filed prior to or within
thirty days after the judgment was signed as required by Texas Rule of Civil
Procedure 329b.  Medina did not dispute
that no reporter’s record of the proceeding was made.

          Five and a half months after the trial
court signed the judgment, Vaughan filed in the trial court notice of a
restricted appeal to this Court.  Vaughan
has attached as an appendix to her appellate brief the affidavit of Yvonne
Compean, the official court reporter for the trial court.  In her affidavit, she explains that she was
acting in that capacity on the day of trial; that no party requested a record
of the proceedings be reported by her; that no reporter’s record of the
proceedings exists; and that a reporter’s record cannot be produced.  In an information sheet to this Court, the trial
court reporter confirmed that there is no reporter’s record of the proceeding.  Medina has filed no appellate brief with this
Court.




 

Failure to Make a Reporter’s
Record

          In her only issue, Vaughan contends that the failure to have the court
reporter make a record of the trial proceedings below constitutes reversible
error because without a reporter’s record, the sufficiency of the evidence
cannot be reviewed on appeal

          A.      Applicable Law

          “A restricted appeal is a direct
attack on a judgment.”  Roventini v. Ocular Sciences, Inc., 111
S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  “In contrast to an ordinary appeal, a direct
attack by restricted appeal affords no presumptions in support of the judgment
challenged.”  Sharif v. Par Tech, Inc., 135 S.W.3d 869, 872 (Tex. App.—Houston
[1st Dist.] 2004, no pet.).  A party may
prevail on a restricted appeal only if he establishes:

(1)      
he was
a party to the lawsuit;

(2)      
he did
not participate—either in person or through counsel—in the hearing that
resulted in the judgment complained of;

(3)      
he did
not timely file a postjudgment motion or request for findings of fact and
conclusions of law;

(4)      
he did
not file a notice of appeal within the time permitted by Texas Rule of
Appellate Procedure 26.1(a);

(5)      
he
filed notice of the restricted appeal within six months after the judgment was
signed; and

(6)      
error
is apparent on the face of the record.  

Tex. R. App. P. 26.1(c), 30; Alexander
v. Lynda’s Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Roventini, 111 S.W.3d at 721. 
In a restricted appeal, “[t]he face of the record includes all papers on
file in the appeal, including the clerk’s record and any reporter’s record.”  Miles
v. Peacock, 229 S.W.3d 384, 387 (Tex. App.—Houston [1st Dist.] 2007, no
pet.) (citing DSC Fin. Corp. v. Moffitt,
815 S.W.2d 551, 551 (Tex. 1991)).  “Because
a restricted appeal affords an appellant the same scope of review as an
ordinary appeal, he may challenge the legal and factual sufficiency of the
evidence.”  Miles, 229 S.W.3d at 387; see
Tex. R. App. P. 30; Norman Commc’ns v. Tex. Eastman Co., 955
S.W.2d 269, 270 (Tex. 1997).

          If an opposing party timely files an
answer, the merits of the claim are put at issue.  Sharif,
135 S.W.3d at 872.  Thereafter, judgment
cannot be entered on the pleadings, but the claimant must offer evidence and
prove his case as in a judgment upon a trial. 
Stoner v. Thompson, 578 S.W.2d
679, 682 (Tex. 1979); Sharif, 135 S.W.3d
at 873.  If an opposing party who has
timely filed an answer fails to appear at trial, he neither abandons his answer
nor implicitly confesses any issues joined by his answer.  Stoner,
578 S.W.2d at 682; Sharif, 135 S.W.3d
at 872.  A judgment rendered in favor of
the claimant after the opposing party timely files an answer but fails to
appear at trial is a post-answer default judgment.  Stoner,
578 S.W.2d at 682; Sharif, 135 S.W.3d
at 873.  As to a post-answer default
judgment, “the failure to have the court reporter present to make a record
constitutes reversible error.”  Sharif, 135 S.W.3d at 872 (quoting Chase Bank v. Harris Cnty. Water Control
& Improvement Dist., 36 S.W.3d 654, 655 (Tex. App.—Houston [1st Dist.]
2000, no pet.).  “Such error is not
harmless because, without a reporter’s record, this Court is unable to
determine if sufficient evidence was submitted to support the judgment.” Id. (quoting Chase Bank, 36 S.W.3d at 655–56).

          B.      Analysis

          The clerk’s
record establishes that Vaughan was a party to the lawsuit, that she did not
participate in the trial proceeding resulting in the final judgment of which
she complains, that her motion for new trial was not timely filed within 30
days as required by Texas Rule of Civil Procedure 329b, that she filed neither a
postjudgment motion or request for findings of fact and conclusions of law nor
any other notice of appeal, and that she filed notice of this restricted appeal
within six months after the trial court signed the final judgment.  See
Tex. R. Civ. P. 329b.  Accordingly, Vaughan may prevail on this
restricted appeal if error is apparent on the face of the record.  See Tex. R. App. P. 26.1(c), 30; Alexander, 134 S.W.3d at 848; Roventini, 111 S.W.3d at 721.

          Our record
includes an information sheet from the trial court reporter showing that no
reporter’s record of the proceeding was made. 
See Miles, 229 S.W.3d at 387 (citing DSC Fin., 815 S.W.2d at 551). 
Furthermore, the clerk’s record shows that Vaughan answered and
subsequently failed to appear at trial.  See Stoner, 578 S.W.2d at 682; Miles, 229 S.W.3d at 387 (citing DSC Fin., 815 S.W.2d at 551); Sharif, 135 S.W.3d at 872.  Without a reporter’s record, this Court is
unable to determine if sufficient evidence was submitted to support the
judgment.  See Sharif, 135 S.W.3d at
872 (quoting Chase Bank, 36 S.W.3d at
655–56).  In this post-answer default
judgment, we hold the failure to have the court reporter make a record
constitutes reversible error.  See id.

          We sustain
Vaughan’s only issue.

Conclusion

 

We reverse and remand for a new trial.

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.