**Opinion issued September 26, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00086-CV

———————————

## MACK B. YATES, Appellant

## V.

## HARRIS COUNTY, CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT, AND HOUSTON COMMUNITY COLLEGE SYSTEM, Appellees

---

On Appeal from the 113th District Court
Harris County, Texas
Trial Court Case No. 2014-67727

---

## MEMORANDUM OPINION

Appellant Mack B. Yates, proceeding pro se, appeals the trial court's

judgment for delinquent taxes rendered in favor of appellees Harris County, the City

of Houston, Houston Independent School District, and Houston Community College

System. In three issues, Yates contends that he is entitled to a new trial because (1) no reporter's record was taken and the appellate record is incomplete, (2) the trial court erred by entering judgment without notifying him of or ordering his presence at trial, and (3) the trial court erred by denying his motion for new trial for the same reasons.

Because the failure to have a court reporter make a record is reversible error in the context of a post-answer default judgment such as the one against Yates, we reverse the judgment as to Yates and remand for a new trial on appellees' claims against Yates.

## Background

Appellees sued Yates and other owners of a piece of real property in Harris County for delinquent property taxes, penalties, interest, and attorney's fees. Yates filed an answer. When the case was called for trial, Yates, who is incarcerated, was not present. After trial, the trial court rendered a judgment against all defendants for delinquent taxes, interest, costs, and attorney's fees.[1]

Yates timely filed a motion for new trial and notice of appeal. He was confirmed indigent and this Court directed the district clerk to file the clerk's record and the court reporter to file the reporter's record. The district clerk filed the clerk's

---

[1]    No other defendant appealed.

2

record, but the court reporter filed an information sheet indicating that no reporter's record was taken.

## Appellate Jurisdiction

Before turning to the merits, we address appellees' argument that we lack jurisdiction over the appeal because Yates's notice of appeal does not identify the correct trial court or state that the appeal is to the First or Fourteenth Court of Appeals, as required by Texas Rule of Appellate Procedure 25.1(d)(1) and (4).

### A.    Standard of Review and Applicable Law

We review questions of appellate jurisdiction de novo. *See Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Texas Rule of Appellate Procedure 25.1 provides, among other things, that the notice of appeal must:

> (1) identify the trial court and state the case's trial court number and style; [and]
>
> . . .
>
> (4) state the court to which the appeal is taken unless the appeal is to either the First or Fourteenth Court of Appeals, in which case the notice must state that the appeal is to either of those courts[.]

TEX. R. APP. P. 25.1(d)(1), (4). Properly filing a notice of appeal is a prerequisite to appellate jurisdiction. *Id.* at 25.1(b). However, strict compliance with Rule 25.1 is not necessarily required to invoke appellate jurisdiction so long as the appellant files

3

an instrument that is a "bona fide attempt to invoke appellate jurisdiction." *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (quoting *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991) (per curiam)). For example, if an appellant incorrectly denotes a case number on his notice of appeal, but there is "no suggestion of confusion" regarding the judgment from which the appellant sought to appeal or to whom the appellant sought to appeal, dismissal for lack of jurisdiction is inappropriate. *See Rodriguez*, 813 S.W.2d at 418. In other words, where the attempt to perfect the appeal was "bona fide," appellate jurisdiction is not defeated. *Id.*

## B. Analysis

Appellees argue that we lack jurisdiction over this appeal because Yates's notice of appeal identifies the incorrect trial court and does not state that appeal is to the First or Fourteenth Court of Appeals, as required by Texas Rule of Appellate Procedure 25.1(d)(1) and (4). They rely upon *Stubblefield v. Courtland Village Townhomes Homeowner's Ass'n*, No. 01-00-01328-CV, 2002 WL 1340296 (Tex. App.—Houston [1st Dist.] June 20, 2002, no pet.) (mem. op., not designated for publication), to support their argument that the appeal should be dismissed for lack of jurisdiction. In *Stubblefield*, Stubblefield incorrectly identified the trial court cause number in his notice of appeal, even though the record showed that he was aware that his case had been severed and assigned a new cause number. *Id.* at *2.

Stubblefield also did not indicate on his notice the date of the final judgment that he was attempting to appeal, as required by Rule 25.1(d)(2), or the court to which the appeal was taken, as required by Rule 25.1(d)(4). *Id.* at *2. Moreover, it was Stubblefield's fourth appeal regarding the same issues. *Id.* For all of these reasons, the *Stubblefield* court concluded that the appeal should be dismissed for lack of jurisdiction. *Id.*

By contrast, here, Yates's notice of appeal correctly identifies the trial court cause number and style, two of the three things required by Rule 25.1(d)(1). Although the notice misidentifies the trial court and does not state that the appeal is to the First or Fourteenth Court of Appeals, it properly identifies the date of the judgment and includes the other Rule 25.1(d) requirements. *See* TEX. R. APP. P. 25.1(d). There is no suggestion that any party was confused about what judgment Yates was appealing, or to whom Yates sought to appeal. *See Rodriguez*, 813 S.W.2d at 418. Accordingly, we conclude that Yates made a bona fide attempt to invoke appellate jurisdiction with his notice of appeal, and dismissal is inappropriate. *See id.*

Having concluded that we have jurisdiction over this appeal, we turn to the merits.

## Discussion

In his first issue, Yates argues that the judgment should be reversed because no reporter's record was taken and the appellate record is incomplete.

### A. Applicable Law

Post-answer default judgments cannot be entered on the pleadings, but, rather, a plaintiff must offer evidence and prove his case as in a judgment on trial. *Sharif v. Par Tech, Inc.*, 135 S.W.3d 869, 873 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)). "If the judgment is rendered after presentation of evidence to the court in the absence of the appellant," then "the failure to have the court reporter present to make a record constitutes reversible error." *Id.* (quoting *Chase Bank v. Harris Cty. Water Control & Improvement Dist.*, 36 S.W.3d 654, 655 (Tex. App.—Houston [1st Dist.] 2000, no pet.)). "Such error is not harmless because, without a reporter's record, this Court is unable to determine if sufficient evidence was submitted to support the judgment." *Id.* (quoting *Chase Bank*, 36 S.W.3d at 655–56).

### B. Analysis

Yates contends that he is entitled to reversal because no reporter's record was taken of the trial. It is undisputed that Yates filed an answer, that he did not appear at trial, and that there was no reporter's record taken. Because the judgment rendered against Yates was a post-answer default judgment, the failure to have a reporter's

6

record taken of the trial constitutes reversible error. *See Sharif*, 135 S.W.3d at 873; *Chase Bank*, 36 S.W.3d at 655–56. Accordingly, we must reverse for a new trial on appellees' claims against Yates. *See, e.g.*, *Chase Bank*, 36 S.W.3d at 656 (because there was no reporter's record of post-answer default judgment entered in delinquent property tax case, appellate court was required to reverse and remand for a new trial).

We sustain Yates's first issue.

Because we have sustained Yates's first issue, we do not reach his second and third issues, which would result in no greater relief.

## Conclusion

We reverse the trial court's judgment as to Yates and remand for further proceedings on appellees' claims against Yates. The judgment as to the other defendants, who did not appeal, is affirmed.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Massengale.