Norman L. RESER, et ux., Appellants,

v.

CENTURY TRADING COMPANY, a Corporation, Appellee.

No. 18430.

Court of Civil Appeals of Texas, Fort Worth.

June 25, 1981.

Rehearing Denied July 16, 1981.

Schueller & Mason, and T. W. Schueller, Charles J. Mason, Jr. and Barry L. Macha, Wichita Falls, for appellants.

Elmer H. Parish, Wichita Falls, for appellee.

## OPINION

HUGHES, Justice.

This suit was instituted by Century Trading Company, a corporation, against Norman L. Reser and his wife, Velma Reser. A *pro se* answer was filed by the Resers but they did not appear for trial. Their motion for new trial was overruled. Therefrom they have brought this appeal attacking the judgment of the trial court.

We affirm.

In 1974 the Resers purchased thirty acres of land located in Wichita and Archer counties. In making the purchase they executed an installment vendor's lien note for $20,000.00, secured by a deed of trust, to Southwest National Bank of Wichita Falls. At the time relevant to this suit the amount due on the note had been amortized to a principal balance of approximately $13,022.55.

In 1978 Mr. Reser bought some pipe from Century Trading Company, which was at that time a partnership, for $52,982.21. Original payment for the pipe was made by check which was returned unpaid due to

insufficient funds being in the Resers' account. Mr. Reser then executed a note payable to the partnership for $52,982.21 securing it by the simultaneous execution of a deed of trust to the thirty acres.

The note made payable to the partnership remained unpaid. Thereafter the Resers executed a warranty deed to Century Trading Company, which had meanwhile been incorporated, in partial satisfaction of the debt for the pipe. After taking the deed to the thirty acres, the corporation obtained an assignment of the first lien outstanding in Southwest National by satisfying the indebtedness owed Southwest National by the Resers.

The corporation filed suit against the Resers praying for judgment for its debt against the Resers, foreclosure of its deed of trust lien, an order of sale, deficiency judgment, attorneys' fees, costs, and such other relief to which they were entitled.

The Resers answered *pro se* by a general denial signed by Velma Reser.

Trial was had on April 1, 1980 in the absence of the Resers. The trial court's judgment recites that neither of the Resers had denied the execution of the warranty deed to the corporation and therefore it awarded the corporation title and possession of the thirty acres. The trial court further found that an assignment of the indebtedness to Southwest National had been obtained by the corporation and therefore awarded the corporation a $13,892.67 judgment against the Resers. (Said amount was the principal balance due on the note, plus accrued interest, to the date of trial and judgment.) Attorneys' fees of $1500.00 were also awarded.

◼ The Resers' first point of error is that the trial court erred in not granting their motion for new trial because Mrs. Reser was not notified of the trial setting.

There is in evidence a copy of a letter from the corporation's counsel sent by certified mail, advising Mrs. Reser that the trial of the suit was set for 1:30 p. m. on April 1, 1980. Also contained in evidence is a return receipt on that letter signed by Norman Reser as "authorized agent" for the addressee, Mrs. Velma Reser. Mr. Reser

acknowledged that he probably threw the letter away. Mrs. Reser testified that it never came to her attention. It is their contention that receipt by Mr. Reser did not constitute receipt by Mrs. Reser.

In their motion for new trial the Resers broadly asserted that there was no notice of the time and date of the hearing and they failed to appear for trial for that reason. The non-existence of any agency relationship between Mr. and Mrs. Reser is not asserted. At the hearing on the motion for new trial no evidence whatsoever was presented as to the issue of whether Mr. Reser was the authorized agent for the receipt of the certified letter.

In view of the fact that the return receipt in evidence was signed by Mr. Reser and the fact that he acknowledged its receipt, we hold that the trial court did not err in concluding the notice of the trial setting was received by him. Furthermore, inasmuch as the issue of agency was not presented at the trial court level it is waived for purposes of appeal. Tex.R. Civ.P. 321.

We overrule the first point of error.

◼ Under their second point of error the Resers argue that the trial court erred in awarding the corporation judgment for title and possession of the property because the judgment does not conform to the pleadings.

In its original petition the corporation alleged in paragraph IV that:

"On or about the 20th day of December, 1978, the said Norman L. Reser and his wife, Velma Reser, allegedly executed a deed to Century Trading Company, a Texas corporation, in partial payment of said notes. To said date the said Velma Reser has denied the execution of said deed and claims an interest in said property. Said Warranty Deed is recorded in Volume 378 on page 625 of the Deed Records of Wichita County, Texas, to which reference is hereby made."

The corporation prayed for foreclosure of the deed of trust etc. as well as "such other and further relief, special and general, in

law and in equity, as your Plaintiffs may show themselves justly entitled to."

"In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment." *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex.1979).

We hold that the corporation's allegation of the execution of the deed, in conjunction with the general prayer for relief, to be sufficient basis for the trial court to render judgment granting title and possession of the thirty acres to the corporation. The Resers were afforded the "fair notice" to which they were entitled.

We overrule the second point of error.

■ The Resers' third point of error is that the trial court erred in awarding the corporation a judgment for title and possession of the property because there is no evidence or insufficient evidence that the corporation was either the legal holder or beneficiary of the deed of trust which secured the note payable to the partnership.

The trial court's judgment states that its award of title and possession to the corporation is predicated upon the fact that the Resers executed a warranty deed to the corporation, which execution was not denied under oath by the Resers. At the trial on the merits the court commented that since no credit had been established on the note given to Century Trading no deficiency could be ascertained.

It is thus apparent that no part of the judgment was based upon the note given the partnership. Therefore, ownership of the deed of trust securing the note is irrelevant.

We overrule the third point of error.

■ By their fourth point of error the Resers assert that the trial court erred in awarding the corporation a deficiency judgment for $13,892.21 because the lien secured by Southwest National's deed of trust was extinguished under the merger of title doctrine.

When the corporation satisfied the debt owed by the Resers to Southwest National there was a written transfer of Southwest National's deed of trust lien to the thirty acres to the corporation. We therefore agree with the Resers that there was a merger of the lesser estate (the security interest) into the greater fee simple title already held by the corporation.

We disagree, however, with the Resers' conclusion that the debt which was secured by the deed of trust was extinguished in the wake of the merger. Although a lien cannot exist in the absence of a debt, the converse does not hold true. By satisfying the debt owed by the Resers, the corporation acquired by transfer the rights previously held by Southwest National including the right to repayment of the amount due. Tex.Bus. & Comm.Code Ann. § 3.201 (1968). The trial court's judgment is a clear reflection of this theory. The Resers' characterization of the trial court's monetary award as a deficiency judgment is erroneous.

We overrule the fourth point of error.

■ The Resers' fifth point of error is that the trial court erred in awarding the corporation a judgment for attorneys' fees.

The note transferred by Southwest National to the corporation contains a provision which entitles the owner of the note to reasonable attorneys' fees in the event the note was placed in the hands of an attorney for collection. This right was acquired by the corporation as a result of the transfer. *Indemnity Ins. Co. of North America v. W. L. Macatee & Sons*, 129 Tex. 166, 101 S.W.2d 553 (1937). *Chicago Cottage Organ Co. v. Waddell*, 35 S.W. 408 (Tex.Civ.App. 1896, no writ).

We overrule the fifth point of error.

The judgment of the trial court is affirmed.