**Reversed and Rendered and Opinion Filed August 29, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00893-CV

### TEXAS MUTUAL INSURANCE COMPANY & GLORIA WILLIAMS, Appellants
### V.
### JEFF PALMER, Appellee

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-07-08017-D**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Fillmore
Opinion by Justice Bridges

Texas Mutual Insurance Company (TMIC) and Gloria Williams appeal the trial court's

judgment awarding Jeff Palmer damages under Texas Insurance Code § 541.061. In three points

of error, TMIC and Williams argue the trial court erred in entering judgment for Palmer because

(1) an extent of injury dispute is not a misrepresentation of a workers' compensation insurance

policy, (2) the section 541.061 cause of action was not pleaded or tried by consent, and (3) no

damages are recoverable. We reverse and render judgment that Palmer take nothing on his

claims.

This is a workers' compensation insurance bad-faith lawsuit brought by Palmer against

TMIC and Williams, a claims adjuster for TMIC. Palmer was a former employee of Barsh

Company, where he was a carpenter. On January 5, 2006, Palmer was at work, delivering

playground equipment and putting concrete into the ground, when he felt a catch in his back and left work early for the day. On the night of the incident, Palmer went to the Province Health Center emergency room and complained of lower back pain. Palmer was told he had a slipped disc in his back. The injury was timely reported and referred for workers' compensation benefits to TMIC, the insurance carrier holding the policy of workers' compensation insurance covering Palmer's claim. The claim was then assigned to licensed claim adjuster Williams. Williams's job was to manage the claim until Palmer could return to work. She also had an obligation to investigate other areas of the claim and pay his benefits.

On January 11, 2006, Palmer met with Dr. Hatley, who took some x-rays. Several days later, an MRI was performed which showed disc herniations and nerve impingement at L4-5 and L5-S1. The report also showed a history of back pain and mild disc bulges at L3-4 and L2-3. On January 17, 2006, it was determined that the claim was compensable, and Palmer began to receive temporary income and medical benefits. The next day, Dr. Hatley referred Palmer to Dr. Lewin, a neurosurgeon, who met with Palmer on February 13, 2006. At the meeting, Dr. Lewin noted he thought Palmer needed surgery at both levels. As a result, he requested preauthorization for a left L4-5 and L5-S1 laminectomy and discectomy at Province Health Center.

A few days later, TMIC's preauthorization department approved the surgery as reasonable and necessary to treat Palmer's injuries. However, on the same day, Williams also filed an "extent of injury" dispute. The notice of the dispute stated "TMIC is disputing entitlement to the herniated disk as not related to the sprain/strain of the lumbar spine. The carrier accepts an aggravation to the preexisting degenerative disc disease." The notice was faxed to the Division of Workers' Compensation.

For the next several months, the parties disputed whether Dr. Lewin would be compensated by TMIC for the surgery because of the extent of injury dispute. Dr. Lewin noted that he was not going to perform surgery until the dispute was resolved. Dr. Lewin's nurse, Joy Scott, also testified it was the policy of the office that a surgery would not be performed until disputes were settled unless it was considered an emergency. On the other hand, TMIC argued Dr. Lewin had an unqualified pre-authorization approval to perform the surgery, and the filing of the preauthorization preserved Texas Mutual's right to contest the extent of injury for future treatment and impairment. During the dispute, the Division of Workers' Compensation assigned an independent doctor, Dr. Hilliard, to examine Palmer in order to determine the extent of his injury. Dr. Hilliard evaluated Palmer and informed TMIC he agreed surgical intervention was necessary and that, in his opinion, the disc herniation was causally related to the compensable injury.

Palmer also retained counsel during the dispute to help resolve the situation. Palmer's counsel set up a benefit review conference, which was held on May 18, 2006. As a result of the conference, Palmer's attorney, Nick Morgan, wrote a letter to Dr. Lewin that stated:

> If you will review the pre-authorization from Texas Mutual dated February 17, 2006, you will note that it pre-authorizes the procedures that you requested. You will also note that there is something 'missing' from that pre-authorization: There is no 'qualifier' that this pre-authorization is contingent upon resolution of Mr. Palmer's extent of injury/compensability dispute.

In the letter, Morgan also suggested that Dr. Lewin seek an extension of the pre-authorization that was expired in order to perform the surgery. After receiving the letter, Dr. Lewin's office communicated to Morgan that the surgery would still not be performed because of the uncertainty of the dispute. A second benefit review conference was held on June 21, 2006, where the parties entered into a benefit dispute agreement. The parties agreed that the compensable injury on January 5, 2006 extended to the disc involvement at L4-5 and L5-S1 and

–3–

did not extend to L2-3 or L3-4. On July 5, 2006, the surgery was performed. TMIC paid for the surgery as well as post-surgical care, physical therapy, and pain management. After Palmer reached his maximum medical improvement, TMIC paid him $267.25 per week for fifteen weeks.

Palmer filed this case on June 30, 2007 after the payments ended and alleged that TMIC's dispute was a breach of the common law duty of good faith and fair dealing, the insurance code, and the Texas Deceptive Trade Practices Act (DTPA). TMIC filed special exceptions arguing that all of Palmer's causes of action under the insurance code should be stricken, relying on *Texas Mutual Insurance Co. v. Ruttiger*, 381 S.W.3d 430, (Tex. 2011). In *Ruttiger*, the Texas Supreme Court held a dispute over whether a worker's claim was covered under workers' compensation does not constitute a misrepresentation under section 541.061 of the insurance code. In response, the trial court struck Palmer's claims for violation of the insurance code. Palmer amended his petition to plead only a breach of the common law duty of good faith and fair dealing and DTPA unconscionable acts. Even though Palmer did not allege a breach of the insurance code in his amended petition, he requested and the trial court submitted a jury charge that included the causes of actions contained in Palmer's amended petition, as well as questions on the insurance code sections 541.060 (unfair settlement practices) and 541.061 (misrepresentation of insurance policy). TMIC objected to the jury charge because *Ruttiger* precluded the insurance code questions, no evidence supported them, and they were not pleaded or tried by consent. TMIC's objections to the questions regarding the insurance code are as follows:

> No evidence supports the submission of Texas Insurance Code Misrepresentation questions. Tex. Ins. Code § 541.061 concerns "misrepresentation of a policy." Plaintiff's evidence concerns only whether Texas Mutual disputed that all of Mr. Palmer's conditions were caused by his on-the-job injury. As a matter of law, this type of dispute is not a misrepresentation of the policy. *Texas Mutual Ins. Co. v.*

–4–

*Ruttiger*, No. 08-0751; __ S.W.3d __; 2011 WL 3796353 at *13 (Tex. Aug 26, 2011, mtn. reh'g granted).

Defendants further object that Question 4A is based on a statute, but does not track the language of the statute. Question 4A contains language (italicized here for ease of reference) that is not present in the statute. Specifically, it improperly states that a misrepresentation can concern "an insurance policy *or insurance coverage.*" Tex. Ins. Code § 541.061; PJC 102.19

Defendants further object that Question 4A is not supported by the pleadings and was not tried by consent.

There is no evidence to support the submission of the issue of causation of any of Mr. Palmer's damages.

Defendants object to any question regarding "coverage" as unsupported by the evidence and inapplicable in a workers' compensation claims handling case.

TMIC's objections were overruled. On the causes of action that were pleaded, the jury found (1) TMIC failed to comply with its duty of good faith and fair dealing, but TMIC's conduct was not the proximate cause of injury to Palmer, and (2) TMIC did not engage in unconscionable actions pursuant to the DTPA in the handling of Palmer's workers' compensation claim. On the causes of action that were not pleaded, the Insurance Code questions, the jury found TMIC did engage in unfair or deceptive acts or practices that were a producing cause of damages to Palmer by (1) making any misrepresentation of an insurance policy or insurance coverage (insurance code § 541.061) and (2) engaging in unfair settlement practice (insurance code § 541.060). However, the jury found that TMIC did not engage in these practices knowingly. Further, the jury awarded $483,716.69 in damages. In the final judgment, the trial court awarded Palmer fees and damages pursuant to section 541.061 of the insurance code for misrepresentation of the insurance policy. This appeal followed.

We first address TMIC's second point of error in which they argue the trial court erred in entering judgment for Palmer because the section 541.061 (misrepresentation of insurance policy) cause of action was not pleaded or tried by consent. Specifically, TMIC argues that, because the trial court submitted a question on section 541.061 of the insurance code over

–5–

TMIC's objection and the issue was not pleaded or tried by consent, a take-nothing judgment must be rendered.

We review claimed error in the court's charge under an abuse of discretion standard. *Webb v. Glenbrook Owners Ass'n, Inc.*, 298 S.W.3d 374, 380 (Tex. App.–Dallas 2009, no pet.). The court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Hampden Corp. v. Remark, Inc.*, 331 S.W.3d 489, 495 (Tex. App.—Dallas 2010, pet. denied).  The trial court has broad discretion in determining whether an unpleaded issue was tried by consent. *See Id*.

Jury questions must be supported by the pleadings. *Webb*, 298 S.W.3d at 380.  Texas Rule of Civil Procedure 278 states, "[t]he court shall submit the questions, instructions and definitions in the form provided by Rule 277, which are raised by the written pleadings and the evidence." *See* TEX. R. CIV. P. 278.  An issue is not tried by consent where the complaining party properly objects to the submission of issues not raised by the pleadings. *Webb*, 298 S.W.3d at 380.  Stated differently, trial by consent is precluded where proper objection is made on the record before submission to the jury. *Id.*  A clear abuse of discretion exists when the trial court submits a jury question that is neither supported by the pleadings nor tried by consent. *Id.*  As a result, absent trial by consent, judgment on an unpled action is void. *Webb*, 298 S.W.3d at 380; *see also Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979).

Here, Palmer included the insurance code causes of action in his original petition, but the causes of actions were abandoned after TMIC filed a motion for special exceptions based on the Texas Supreme Court's decision in *Ruttiger*.  As a result, the insurance code jury questions were not supported by the pleadings because the amended petition only included causes of action for breach of the duty of good faith and fair dealing and DTPA unconscionable acts.  *See Webb*, 298 S.W.3d at 380.  Even though the causes of action were abandoned, the insurance code questions

were submitted to the jury over TMIC's objections.    Additionally, because TMIC properly objected to the submission of the insurance code questions, the insurance code questions were not tried by consent. *See id.* Thus, the trial court abused its discretion in submitting the questions to the jury, and the trial court's judgment on the unpled action is void. *See id.* Also, because the damages were awarded based only on section 541.061 of the insurance code, recovery is void as well. Therefore, we sustain TMIC's second point of error. Because of our disposition of TMIC's second point of error, we need not address TMIC's remaining points of error.

    We reverse and render judgment that Palmer take nothing on his claims.


120893F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEXAS MUTUAL INSURANCE
COMPANY & GLORIA WILLIAMS,
Appellants

No. 05-12-00893-CV          V.

JEFF PALMER, Appellee

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-07-08017-D.
Opinion delivered by Justice Bridges.
Justices Lang and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and judgment is **RENDERED** that:
Jeff Palmer take nothing on his claims.

It is **ORDERED** that appellants TEXAS MUTUAL INSURANCE COMPANY &
GLORIA WILLIAMS recover their costs of this appeal from appellee JEFF PALMER.

Judgment entered August 29, 2014