

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00145-CV

**TIM LEVASSEUR AND KRISSY LEVASSEUR,
INDIVIDUALLY, AND D/B/A LIBERTY COIN,**

                                                            **Appellants**

 **v.**

**STEVE AVEZZANO,**

                                                            **Appellee**

_____

**From the County Court at Law
Ellis County, Texas
Trial Court No. 15-C-3523**

## MEMORANDUM OPINION

Steve Avezzano filed suit against Tim and Krissy Levasseur, individually and

d/b/a Liberty Coin, alleging causes of action for theft, fraud, conversion, DTPA, breach of

contract, and quantum meruit. The trial court issued an order striking the Levasseurs'

only pleading[1] as a discovery sanction.  The trial court later entered judgment in favor of Avezzano.  We affirm.

## BACKGROUND FACTS

Tim Levasseur, d/b/a Liberty Coin, purchased gold and coins from Avezzano. Avezzano testified that in February 2015 and April 2015, he sent coins to Levasseur in accordance with their agreement, but Levasseur did not send payment for the coins. Avezzano requested Levasseur to pay for the coins or return them.  After not receiving payment or return of the coins, Avezzano filed suit on August 31, 2015 against the Levasseurs seeking the price of the coins, $200,000, in damages.  On September 30, 2015, the Levasseurs filed special exceptions to the petition.  The Levasseurs did not file any other pleadings.

On December 21 2015, the parties entered into a settlement agreement where the Levasseurs would pay Avezzano $200,000 in certain installments.  The Levasseurs paid the first installment of $25,000 to Avezzano as part of the agreement, but failed to make the rest of the payments.  Avezzano proceeded with the lawsuit and attempted discovery.

Beginning in August 2016, the Levasseurs failed to appear at noticed depositions. On November 2, 2016, Avezzano filed a motion for sanctions against the Levasseurs for failing to attend the numerous properly noticed depositions.  On November 30, 2016, the

---

[1] Both of the Levasseurs filed Defendant's Special Exceptions to Plaintiff's Petition.  Neither the Levasseurs nor Liberty Coin filed a general denial or any other response to Plaintiff's Petition.  Neither of the Levasseurs obtained a hearing on their special exceptions or obtained a ruling on same.

trial court granted the motion for sanctions and ordered the Levasseurs to pay costs and attorney's fees. The trial court also warned the Levasseurs that any further failure to comply could result in the striking of their pleadings. On December 1, 2016, Avezzano's attorney sent deposition notices to the Levasseurs for December 6, 2016. The Levasseurs again failed to appear, and Avezzano filed a second motion for sanctions. The trial court granted the motion for sanctions, ordered the Levasseurs to pay costs and attorney's fees, and struck their pleadings. The trial court further entered a default judgment against the Levasseurs as to liability. The trial court ordered that the cause would remain on the trial docket for January 31, 2017, where Avezzano could appear and offer proof of damages, costs, and attorney's fees. The Levasseurs were provided with notice of the January 31, 2017 trial setting.

On January 31, 2017, the Levasseurs failed to appear for trial, but their attorney was present. The trial court awarded Avezzano $175,000 in damages and also awarded attorney's fees.

## STRIKING THE PLEADINGS

In the first issue, the Levasseurs argue that the trial court erred in granting "death penalty" sanctions. A trial court's ruling on a motion for sanctions is reviewed under an abuse of discretion standard. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an

appropriate case for the trial court's action, but "whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d at 241. The trial court's ruling should be reversed only if it was arbitrary or unreasonable. *Cire v. Cummings*, 134 S.W.3d at 839.

Rule 215.2 of the Texas Rules of Civil Procedure provides that if:

a party fails to comply with proper discovery requests or to obey an order to provide or permit discovery, … the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others the following:

(1) an order disallowing any further discovery of any kind or of a particular kind by the disobedient party;

(2) an order charging all or any portion of the expenses of discovery or taxable court costs or both against the disobedient party or the attorney advising him;

(3) an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(4) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(5) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing with or without prejudice the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;

(6) in lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(7) when a party has failed to comply with an order under Rule 204 requiring him to appear or produce another for examination, such orders as are listed in paragraphs (1), (2), (3), (4) or (5) of this subdivision, unless the person failing to comply shows that he is unable to appear or to produce such person for examination.

(8) In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney

advising him, or both, to pay, at such time as ordered by the court, the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. Such an order shall be subject to review on appeal from the final judgment.

TEX. R. CIV. P. 215.2 (b).

Discovery sanctions must be just. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). The Texas Supreme Court has set out a two-part standard to determine if the imposition of sanctions is just.

First, a direct relationship must exist between the offensive conduct and the sanction imposed. This means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party. It also means that the sanction should be visited upon the offender. The trial court must at least attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both. This we recognize will not be an easy matter in many instances. On the one hand, a lawyer cannot shield his client from sanctions; a party must bear some responsibility for its counsel's discovery abuses when it is or should be aware of counsel's conduct and the violation of discovery rules. On the other hand, a party should not be punished for counsel's conduct in which it is not implicated apart from having entrusted to counsel its legal representation. The point is, the sanctions the trial court imposes must relate directly to the abuse found.

Second, just sanctions must not be excessive. The punishment should fit the crime. A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes. It follows that courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance.

*TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d at 917.

In the first motion for sanctions, Avezzano detailed each of his numerous attempts to take the depositions of the Levasseurs. At the hearing on the motion, the Levasseurs'

attorney offered explanations for some of the missed depositions. Levasseurs' counsel also made clear that the Levasseurs were aware of some of the deposition dates and chose not to appear. Further, counsel also did not dispute that the Levasseurs breached the Rule 11 Agreement. The Levasseurs did not appear at the hearing on November 30, 2016. After hearing from counsel, the trial court declined to sanction the Levasseurs' counsel, but imposed sanctions against the Levasseurs by ordering them to pay costs as provided in Rule 215.2 (b). The trial court further warned that if the Levasseurs failed to appear at another deposition "I will seriously consider striking their pleadings at that time."

Shortly after the November 30, 2016 hearing, Avezzano's counsel sent deposition notices for December 6, 2016. Once again, the Levasseurs did not attend. Avezzano then filed a second motion for sanctions. At the January 31, 2017 hearing, the Levasseurs' counsel stated that the Levasseurs were given notice of the depositions, but did not appear. Counsel did not offer any reason for the Levasseurs' failure to appear, and they were again not present at the hearing.

The trial court is not required to make a specific finding that the party (as opposed to the attorney) abused the discovery process to impose sanctions. *Van Es v. Frazier*, 230 S.W.3d 770, 777 (Tex. App. —Waco, 2007, pet. den'd). Rather, the entire record must be reviewed to determine whether sanctions were warranted. *Id*. The trial court had an extensive list of failures to appear by the Levasseurs that explained in detail each missed deposition. Counsel appeared and explained some of the failures to appear and his

responsibility in them. The record shows that the Levasseurs were personally aware of the discovery abuses. The record supports a finding that the sanction was directed at the offensive conduct.

The record shows that the trial court assessed lesser sanctions at the hearing on the first motion for sanctions by ordering the Levasseurs to pay the costs associated with the missed depositions and attorney's fees. The trial court warned that it would consider striking their pleadings if the Levasseurs failed to appear again. A warning is a lesser sanction. *Lockhart v. McCurley*, No. 10-11-00073-CV, 2013 Tex. App. LEXIS 4075, at * 17 (Tex. App. —Waco, March 28, 2013, no pet.) (mem. op); *Van Es v. Frazier*, 230 S.W.3d at 783. Neither of the sanctions imposed by the trial court at the either hearing were excessive. We find that the trial court did not abuse its discretion in striking the Levasseurs' pleadings. We overrule the first issue.

## PROOF OF CLAIMS

In the second issue, the Levasseurs argue that the trial court erred in granting judgment for Avezzano as a matter of law at the hearing on Avezzano's second motion for sanctions. They contend that Avezzano sought damages for multiple causes of action, including theft, fraud, conversion, DTPA, breach of contract, and quantum meruit, but did not establish as a matter of law the necessary elements for any of them.

The Levasseurs argue that Avezzano must offer evidence to support its claims as it would in a judgment resulting from trial citing *Stoner v. Thompson*, 578 S.W.2d 679 (Tex.

1979) as authority. However, default judgments are not all alike and different rules apply in different circumstances. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012). A default judgment caused by a defendant's failure to answer after service is treated differently from a default judgment caused by a defendant's failure to appear for trial after answering a suit. *Id*. In the latter instance, a post-answer default "constitutes neither an abandonment of the defendant's answer nor an implied confession of any issues thus joined by the defendant's answer." *Id*. Because the merits of the plaintiff's claim remain at issue, judgment cannot be rendered on the pleadings, and the plaintiff must prove its claim. *Id*. By contrast, the non-answering party in a no-answer default judgment is said to have admitted both the truth of facts set out in the petition and the defendant's liability on any cause of action properly alleged by those facts. *Id*. The defendant's default thus establishes liability, but a trial may still be necessary if the plaintiff's damages are unliquidated. *Id*. And as a general rule, a defendant who has not answered but nevertheless appears at the post-default hearing on damages is entitled to participate. *Id*.

The order granting Avezzano's Second Motion for Sanctions specifically granted a default judgment against the Levasseurs as to liability only, as expressly authorized under Rule 215.2 of the Texas Rules of Civil Procedure. In so doing, the trial court adjudicated the merits of Avezzano's claims. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d at 184. Further, the Levasseurs, by not filing an answer and by virtue of

having their only pleadings stricken for discovery abuse, were non-answering defendants. Because the Levesseurs were non-answering defendants, Avezzano was not required to offer evidence in support of his liability claims. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d at 183. As non-answering defendants, the Levasseurs admitted the truth of the facts set out in the petition and the defendant's liability on any cause of action properly alleged by those facts. *Id*.

The Levasseurs were entitled to appear at the post-default hearing on damages, and their attorney appeared on their behalf. Avezzano proved his entitlement to the unliquidated damages by testimony establishing the value of the coins at $200,000. The Levasseurs were entitled to a $25,000 credit from the payment pursuant to the Rule 11 Settlement Agreement. Avezzano's attorney testified as to the attorney's fees and costs.

We overrule the second issue.

## CONCLUSION

We affirm the trial court's judgment.

JOHN E. NEILL
Justice

Before Justice Davis,
      Justice Neill, and
      Judge Coley[2]
Affirmed
Opinion delivered and filed August 7, 2019
[CV06]



---

[2] The Honorable Judge Gary Coley, Judge of the 74th District Court, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 74.003(a) (West 2013).