# Court of Appeals

## Tenth Appellate District of Texas

### 10-25-00117-CV

### In the Interest of K.N.J. f/k/a K.N.J.-S., a Child

On appeal from the
County Court at Law No. 2 of Johnson County, Texas
Judge David A. Barkley, presiding
Trial Court Cause No. CC-D20240091

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

The Department of Family and Protective Services ("the Department") filed a petition seeking to terminate the parental rights of Mother and Father to their daughter, K.N.J. On April 4, 2025, the trial court rendered a final order appointing Mother as sole managing conservator and denying Father possession or access to the child.[1] The final order also included a provision terminating previously-ordered child support payments from Mother to Father and waiving all arrearages. Father appeals only the trial court's order waiving

---

[1] The final order did not terminate Father's parental rights to K.N.J.; rather, the order states that Father "is not appointed possessory conservator of the child, and shall not have possession or access, because the Court finds such appointment would not be in the best interest of the child and that possession or access by this parent would endanger the physical or emotional welfare of the child." Father does not challenge this finding on appeal.

child support arrearages, if any, owed to him by Mother.[2]  We modify the judgment and affirm as modified.

## Background

In 2008, a few months after K.N.J. was born, the Attorney General's Office filed a petition in the 18th District Court of Johnson County to establish the parent-child relationship between K.N.J. and Father.  The trial court rendered an order adjudicating Father as K.N.J.'s biological father and ordering, among other things, that Father pay retroactive child support and make future monthly child support payments to Mother.  Father later petitioned to modify the parent-child relationship. The trial court rendered an order on October 29, 2014, appointing Father as sole managing conservator of K.N.J. and requiring, among other things, that Mother make monthly child support payments to Father.

In 2024, the Department filed its original petition to terminate the parents' rights to K.N.J. in the County Court at Law Number Two of Johnson County.  Its petition included the following request:

> 14.2.3 If any parent is found to be in arrears in child support or medical support payments ordered in this or in any other action, a judgment for enforcement of said arrearage should be issued against that parent pursuant to §§ 157.261, 158.003, and 158.004, Texas Family Code.

---

[2] Mother did not file a brief, and the Department filed a letter with this Court informing us that it did not intend to file a brief.

The Department later filed a motion to consolidate the 18th District Court lawsuit into the pending termination suit in County Court at Law Number Two. The trial court granted the motion.

On April 4, 2025, the trial court conducted a bench trial for the final hearing on the Department's termination petition. Father was not present at the final hearing.[3] As its only witness, the Department called K.N.J.'s caseworker. The following testimony is relevant to the issue raised on appeal:

> [The Department]: And prior to our case, [K.N.J.] was placed with [Father,] and [Mother] had some responsibility for child support and things like that, is that correct?
>
> [Caseworker]: Yes, ma'am.
>
> [The Department]: At this time, are you asking that no child support be ordered and that any previous arrears be waived?
>
> [Caseworker]: Yes.
>
> [The Department]: And do you believe that that would provide best for [K.N.J.] in the home where she is expected to be placed from here on out?
>
> [Caseworker]: Yes, ma'am.

No further testimony or other evidence was offered about child support arrearages.

---

[3] The record reflects that Father was incarcerated in the county jail and did not desire to be transported to court for the final hearing.

During closing arguments, Father's attorney objected to the trial court waiving any past-due child support owed to Father. First, he argued that the trial court did not have jurisdiction over the child-support arrearage issue because the issue was not pled. Counsel informed the trial court that he was unaware of Father's future plans to seek enforcement of past-due child support and noted that Father had not agreed to waive any arrearages. The trial court asked Father's attorney how much past-due child support was owed to Father, but the attorney was not aware of the past-due amount, if any. Secondly, Father's attorney noted that the scope of his court-appointed representation in the termination case did not include representing Father on an enforcement action for child support. He further argued that the child-support arrearage issue was not tried by consent.

Relevant here, in pronouncing its findings for the record, the trial court stated, "I'll discharge any and all child support owed by the mom to the father for the benefit of the child at this time." In the written final order, the trial court also included the following provision:

> 8.2 The Court finds that prior Order in Suit Affecting Parent Child Relationship dated October 29, 2014, in the 18th District Court, Cause Number D200806139 has been consolidated into this case and cause number. The Court finds that previously order [sic] for Child Support shall be terminated and all arrears shall be waived.

## Standard of Review

We review a trial court's decision regarding child support, including child support arrearages, for an abuse of discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re A.L.S.*, 338 S.W.3d 59, 65-66 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, or when it fails to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

## Analysis

On appeal, Father argues that the portion of the trial court's judgment waiving child support arrearages is void because the issue was not pled nor tried by consent.[4] We agree.

The Department's original petition generally requests an order enforcing child support arrearages against either parent, if any were found to exist. A request to enforce child support is subject to the minimum pleading requirements found in section 157.002 of the Family Code. *See* TEX. FAM. CODE ANN. § 157.002(a), (b). Those requirements include identifying the amount of child support owed, the amount paid, and the amount of arrearages. *See id.*

---

[4] Father also argues that the trial court violated his due process rights by waiving Mother's child support arrearages. *See* U.S. CONST. amend XIV. Because we sustain Father's argument that the arrearage waiver is void for lack of pleading and trial by consent, we do not reach the due-process issue. *See* TEX. R. APP. P. 47.1.

Further, when a party requests a judgment for child support arrearages, "the court shall confirm the amount of arrearages and render…a cumulative money judgment for the amount of child support owed[.]" *See id.* at §§ 157.263(a), (b). The law expressly provides that the trial court "may not reduce or modify the amount of arrearages but, in confirming the amount of arrearages, may allow a counterclaim or offset as provided by this title." *See id.* at § 157.263(b-3). Here, the general language included in the Department's original petition does not meet the specific pleading requirements of section 157.002 to bring the issue of child support arrearage enforcement before the court. *See id.* at § 157.002. Importantly, the record does not contain pleadings filed by any party requesting retroactive child support relief for Mother or a reduction of Mother's child support arrearages based on an offset or a counterclaim permitted under the Family Code. *See id.* at §§ 157.008, 157.009.

A trial court's jurisdiction to render judgment is invoked by the pleadings, and a judgment unsupported by the pleadings is void absent trial by consent. *See In re S.A.A.*, 279 S.W.3d 853, 856 (Tex. App.—Dallas 2009, no pet.) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)); TEX. R. CIV. P. 301. An issue is tried by consent when evidence is presented on an issue and that issue is developed during trial without objection. *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009); TEX. R. CIV. P. 67. Trial by consent is

intended to cover only the exceptional cases where the record clearly reflects the parties' trial of an unpled issue by consent. *See In re A.B.H.*, 266 S.W.3d 596, 600 (Tex. App.—Fort Worth 2008, no pet.). Here, the only evidence presented regarding Mother's child support arrearages was that the caseworker was aware that Mother "had some responsibility for child support and things like that" and believed it would be best that "any previous arrears be waived." As demonstrated by the trial court's question to Father's attorney, "How much is your client owed – is owed to your client[,]" no evidence relating to the existence or amount of child support arrearages, if any, was developed at trial. Neither was any evidence developed relating to potential offsets or permissible counterclaims to reduce the amount of past-due child support Mother might have owed to Father.

We agree with Father that the issue of waiving Mother's child support arrearages was not pled nor tried by consent. Accordingly, the portion of the trial court's judgment waiving Mother's child support arrearages is void.

Further, even if the issue had been properly pled or tried by consent, "[t]he trial court has no discretion to forgive or decrease a past child-support obligation, *In re A.L.S.*, 338 S.W.3d [at 65-66], and its calculation of child-support arrearages must be based on the evidence of payment; not on an assessment of what is fair or reasonable." *Graves v. Graves*, 694 S.W.3d 814,

821-22 (Tex. App.—Houston [14th Dist.] 2024, no pet.). The trial court thus abused its discretion by waiving Mother's child support arrearages.

## Conclusion

We sustain Father's sole issue on appeal. We strike the portion of the trial court's judgment waiving all child support arrearages and affirm the judgment as modified.

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED: August 28, 2025

Before Chief Justice Johnson,
       Justice Smith, and
       Justice Harris
Affirmed as modified
CV06

