ACCEPTED
15-25-00217-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/9/2025 11:48 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/9/2025 11:48:12 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE FIFTEENTH COURT OF APPEALS
## AT AUSTIN, TEXAS

**Case No.** <u>15-25-00217-CV</u>
(Transferred from the Third Court of Appeals)

### CEDRIC M. SCOTT, PhD
*Appellant, Pro Se*

v.

### GENERAL LAND OFFICE OF THE STATE OF TEXAS
*Appellee*

On Appeal from the 250th Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-GN-25-000006

## APPELLANT'S REPLY TO APPELLEE'S RESPONSE IN OPPOSTION TO APPELLANT'S MOTIONS TO STRIKE AND FOR SANCTIONS

Cedric M. Scott, PhD
Appellant, Pro Se
Email: cedricscott41@gmail.com

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Appellant respectfully submits this Reply to ensure the Court has a clear and accurate record concerning the issues raised in the Motion to Strike and for Sanctions.

## I. GLO Does Not Dispute Its Failure to Answer the Second Amended Petition

GLO's response attempts to deflect from a central procedural defect: GLO never answered Appellant's Second Amended Petition that added new allegations—including conflicts of interest, retaliation, constitutional violations, and corroborated whistleblower disclosures—none of which were addressed by GLO's prior general denial.

Under Texas law, a general denial does not automatically answer new matters in amended pleadings. Courts require defendants to answer new allegations so that issues are properly framed and notice is preserved. See *Kostecki v. Fairway Pines*, 371 S.W.3d 862, 872 (Tex. App.—Houston [14th Dist.] 2012). GLO's silence is therefore a **judicial admission**, not a procedural technicality.

## II. GLO Misstates Rule 92 and Its Effect

GLO asserts that Texas Rule of Civil Procedure 92 excuses its failure to answer. This is incorrect. Rule 92 applies to *defensive matters already placed at issue*, not to new allegations of constitutional violations, conflicts of interest, whistleblower retaliation, or procedural misconduct. New facts and new causes of

2

action require a responsive pleading. See *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979).

## III.  GLO Ignores the Void-Order Problem and Its Own Conflicts

GLO's response conspicuously avoids addressing the decisive issue: the fact that Judge Cory R. Liu was constitutionally disqualified from the moment he presided over the case based on his prior representation of GLO in HUD-related matters. A constitutionally disqualified judge lacks authority to act, and any orders entered are void. Tex. Const. art. V, § 11; *Buckholts I.S.D. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982).

Appellant documented Judge Liu's prior representation of GLO in HUD-related matters while at Ashcroft Law Firm and Butler Snow—matters directly related to CDBG-DR oversight. No responsive pleading from GLO disputes these facts. This is not a procedural preference—it is a matter of constitutional structure and public confidence in the judiciary.

## IV.  GLO Avoids Its Own Internal Audit Report No. 25-01

GLO again avoids confronting the most substantial evidence in the record: GLO's Internal Audit Report No. 25-01 corroborates Appellant's protected disclosures and contradicts GLO's statements at the October 29, 2025 hearing that "no such audit exists." Yet, the audit report:

- Was completed in September 2025,

3

- Findings were not disputed by GLO,

- Was transmitted to oversight agencies, and

- Acknowledges the same systemic noncompliance Appellant reported internally and externally to the appropriate law enforcement authorities.

This contradiction goes unaddressed. GLO's refusal to acknowledge the audit—after denying its existence at the October 29 hearing—raises serious concerns about candor to the tribunal. This omission goes directly to the credibility of GLO's litigation posture and further supports the need for sanctions.

## V.    GLO's Characterization of Appellant's Filings Is Baseless

GLO attempts to portray Appellant's filings as frivolous. This is a familiar tactic used against whistleblowers, particularly where the record shows:

- Repeated protected disclosures,

- Ensuing adverse actions,

- Corroboration by independent audit findings,

- Appellee's failure to answer Appellant's live operative pleading, and

- Judicial conflict that required recusal months earlier, and judicial rulings that were void.

Appellant's filings are supported by evidence, statute, and the Texas Constitution. As such, these issues strike at the heart of judicial integrity and the orderly

4

administration of justice. Bringing them forward is neither frivolous nor improper; it is required to ensure the Court has an accurate record.

## VI. PRAYER

Appellant respectfully asks this Court to:

1. Strike GLO's improper filings,

2. Recognize GLO's failure to answer the live petition,

3. Address the void-order issue and audit contradictions, and

4. Grant such other and further relief to which Appellant is entitled.

Respectfully submitted,

/s/ *Cedric M. Scott*

Cedric M. Scott, PhD
Appellant, Pro Se
Email: cedricscott41@gmail.com

**Date:** December 9, 2025

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **Appellant's Reply To Appellee's Response In Opposition To Appellant's Motion to Strike and For Sanctions** was served on counsel for the Appellee, in accordance with Texas Rule of Appellate Procedure 9.5, on December 9, 2025 by electronic service (e-Filing).

**Counsel for the General Land Office**

Sara Labashosky
State Bar No. 24129467
slabashosky@bickerstaff.com

Gunnar P. Seaquist
State Bar No. 24043358
gseaquist@bickerstaff.com

Bickerstaff Heath Delgado Acosta LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
(512) 472-8021

/s/ Cedric M. Scott
Cedric M. Scott, PhD
Appellant, Pro Se

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108916290
Filing Code Description: Response
Filing Description: Appellant's Reply to GLO's Response
Status as of 12/10/2025 7:29 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gunnar Seaquist | | gseaquist@bickerstaff.com | 12/9/2025 11:48:12 PM | SENT |
| Jeffrey Moore | | jmoore@bickerstaff.com | 12/9/2025 11:48:12 PM | SENT |
| Sara Labashosky | | slabashosky@bickerstaff.com | 12/9/2025 11:48:12 PM | SENT |
| Cedric M.Scott | | cedricscott41@gmail.com | 12/9/2025 11:48:12 PM | SENT |